# RILEY *v.* COMMONWEALTH OF MASSACHUSETTS.

### ERROR TO THE SUPERIOR COURT OF THE STATE OF MASSACHUSETTS.

No. 228.   Argued March 4, 5, 1914.—Decided March 23, 1914.

A state statute limiting the hours of labor in factories for women, if otherwise valid, is not unconstitutional as depriving the employer or employé of property without due process of law by limiting the right to buy and sell labor and infringing the liberty of contract in that respect. *Muller* v. *Oregon,* 208 U. S. 412.

It being competent for the State to restrict the hours of employment of a class of laborers, it is also competent for the State to provide administrative means against evasion of such restrictions. *C., B. & Q. Ry.* v. *McGuire,* 219 U. S. 549.

The wisdom and legality of the means adopted by the legislature to enforce proper restrictions on employment of labor cannot be judged by extreme instances of their operation.

Section 48 of the Labor Act of 1909 of Massachusetts, regulating the hours of labor of women in factories, is not an unconstitutional denial of due process of law because it provides for the posting of a schedule of hours and requires the hours to be stipulated in advance and followed until a change is made. The provision is reasonable and not arbitrary.

A provision in a state statute that the form of notice in which employés' hours of labor are scheduled shall be approved by the Attorney General of the State, does not deny equal protection of the law if the approval is confined to the form of notice and not to the schedules which might provide for different hours in different cases.

In this case the conviction by the state court, of one in whose factory in Massachusetts women were permitted to work during the period scheduled as dinner hour, under § 48 of the Labor Act of 1909 of Massachusetts, sustained; and *held* that such statute is not unconstitutional under either the due process or equal protection provision of the Fourteenth Amendment.

210 Massachusetts, 387, affirmed.

THE facts, which involve the constitutionality, under the due process and equal protection of the law provisions of the Fourteenth Amendment, of the Woman's Labor Act of Massachusetts, are stated in the opinion.

*Mr. Andrew J. Jennings,* with whom *Mr. Israel Brayton* and *Mr. Edward T. Fenwick* were on the brief, for plaintiff in error:

Section 48 is in violation of the Fourteenth Amendment as it goes beyond the power of the State to restrict the employment of labor. *Holden* v. *Hardy,* 169 U. S. 366; *Lochner* v. *New York,* 198 U. S. 45; *Allgeyer* v. *Louisiana,* 165 U. S. 579, p. 589; *Muller* v. *Oregon,* 208 U. S. 412.

Section 48 denies the equal protection of the laws.

The state legislature virtually admits in the statute itself that it does not deem it necessary for a woman's health to limit her employment in laboring to ten hours a day, and it gives to every different employer the right by posting a printed notice, to employ a woman in laboring eleven hours a day on five days in the week provided he employs the woman such a number of hours on the sixth day as not to exceed fifty-six hours in the whole week.

Even if such a notice must first be approved by the Attorney General of the State, the statute only says the form shall be approved; but if it is held that the Attorney General is to approve the number of hours and that the Attorney General may say what the number of hours shall be, then he could approve or disapprove different notices stat-

ing different numbers of hours of employment by different employers.    See *Yick Wo* v. *Hopkins,* 118 U. S. 356, p. 369.

The law is to be judged not by what may be done but by what can be done, under it.   *Curtin* v. *Benson,* 222 U. S. 78.

The state statute is not only a denial of the equal protection of the laws, but it is unreasonable and arbitrary in forbidding the employment of women more than ten hours in any one day or fifty-six hours a week in any mechanical and manufacturing establishment.   See *Muller* v. *Oregon, supra.*

Section 17 of Chap. 541, defining a manufacturing establishment as any premises, room or place used for the purpose of making, altering, repairing, ornamenting or finishing or adapting for sale any article or part of an article, includes any room or place regardless of the kind of work or the sanitary conditions under which the work is performed.

This court must hold unconstitutional a law which forbids such employments as these last mentioned, unless it is prepared to hold that the State under its police powers has the right to forbid the employment of women in doing any sort of labor for more than ten hours a day.   *People* v. *Williams,* 116 N. Y. App. Div. 379.

Even if the statute be held constitutional as to the employment of women more than ten hours in a day or fifty-six hours in a week, that is not the crime of which the plaintiff was charged and convicted.

Under § 48, as now amended, the employment of a woman at a time other than as stated in the printed notice, is a violation of the act.   This is clearly unconstitutional and may be so declared without affecting the two prohibitions of the statute forbidding the employment of women more than ten hours a day and more than fifty-six hours a week.   *Edwards* v. *Bruorton,* 184 Massachusetts, 529; *Hunt-*

*ington* v. *Worthen*, 120 U. S. 97, p. 101; *Field* v. *Clark*, 143 U. S. 649, p. 696.

An employer is no longer to be punished only in case he endangers a woman's health by employing her in laboring in any one day more than ten hours or for a longer time than as stated in the notice, or more than fifty-six hours in a week, but he is now to be adjudged a criminal and punished if he employs her for one minute other than as stated in the notice.

In construing such a law it will not be sustained unless it is reasonable and not arbitrary.

If the court cannot construe the law as a reasonable and proper exercise of the police power of the State, it must declare it unconstitutional.

The court will give the law a constitutional construction if possible. *Newburyport* v. *Comrs. of Essex*, 12 Met. (Mass.) 211; *Commonwealth* v. *Anthes*, 5 Gray, 185 (Mass.); *Opinion of Justices*, 207 Massachusetts, 601, p. 604; *Holden* v. *Hardy*, 169 U. S. 366; *Lochner* v. *New York*, 198 U. S. 45; *Muller* v. *Oregon*, 208 U. S. 412; *Bailey* v. *Alabama*, 219 U. S. 219.

The said clause unreasonably and arbitrarily deprives the said plaintiff and others of liberty of person and property, especially freedom of contract, without due process of law and denies to him and them the equal protection of the laws.

It has made it a crime to employ a woman in laboring not only for a longer time than ten hours, but even for five minutes.

Under it a man is held guilty of a crime for doing what is not even forbidden in the law, except inferentially by the words "shall be deemed a violation of the provisions of this Section."

Certainly such an act violates no other provision of the section. Can the state legislature make an otherwise innocent act a crime by simply saying that it is one? The

act forbidden by the clause was not dangerous to the health, safety, morals or welfare either of the woman or the public.

The clause is arbitrary and unreasonable in that it requires the employer to post a notice in a room in which women and minors are permanently employed in laboring only six hours a day and makes it a crime if such a person is allowed to work for five minutes at any time other than as stated in the notice.

Such a clause can only be justified on the ground that it is a reasonable health regulation to protect the health of women and thereby promote the public welfare. It does neither. *People* v. *Williams,* 116 N. Y. App. Div. 379.

The clause if regarded as evidential, is an unjustifiable exercise of the police power of the State, which cannot do indirectly what it cannot do directly. *Huntington* v. *Worthern,* 120 U. S. 97, p. 101.

A State has no right to make an act innocent in itself and protected by the Fourteenth Amendment conclusive evidence of another fact, properly forbidden or required, in another part of the statute. *Bailey* v. *Alabama,* 219 U. S. 238.

While the court will hold that the statute is constitutional unless clearly otherwise, we submit it will not hesitate to declare it unconstitutional if it finds it clearly unreasonable and arbitrary. *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61.

The general right to make a contract in relation to his business is part of the liberty protected by the Fourteenth Amendment, and this includes the right to purchase and sell labor, except as controlled by the State in the legitimate exercise of its police power. *Lochner* v. *New York, supra.*

Section 48 in its entirety is not a reasonable regulation under the police power of the State, because:

By the approval of different schedules by the Attorney General the law may operate unequally in different employments, and

The prohibition against employing women more than ten hours in any one day or fifty-six hours a week in any manufacturing or mechanical establishment is not restricted to times and places which relate to and naturally and logically affect a woman's health, safety or morals or the welfare of herself or the public.

That part of section 48 of the act which provides that the employment of a woman at a time other than as stated in said printed notice shall be deemed a violation of the provisions of this section, is the crime of which the plaintiff was convicted, is separable from the rest of the section and is clearly unconstitutional.

*Mr. James M. Swift,* with whom *Mr. Thomas J. Boynton,* Attorney General of the Commonwealth of Massachusetts, was on the brief, for defendant in error:

In the exercise of the police power, the State may limit the right of contract or the use of private property within reasonable limits.

The mere failure to include within the operation of an act certain persons or classes to whom it might have applied will not render the legislation invalid as discriminatory. The classification of employment of women and children confined to manufacturing and mechanical establishments, such as a cotton factory, as here, is within the legislative power.

Whether or not the present law and the classification thereby designated, as construed by the state court, are reasonable, must be determined by facts of common knowledge, of which the court will take judicial notice.

The construction and interpretation of the Massachusetts court, as applicable to the facts in this case, conclusively establish that—

The legislation is purely a police regulation intended to establish the rights of children and women, who are treated as in a certain sense dependent and under an industrial disadvantage by reason of age and sex, to regular hours of employment for limited and designated periods of time, with fixed intervals for rest and refreshment, and to protect them in the enjoyment of the rights thus established, to the end that the health and endurance of the individual may be insured and the ultimate strength and virility of the race be preserved.

The classes of occupations designated in the act do not disclose an arbitrary discrimination.

When the constitutionality of the statute is settled, the means by which the aim of the statute may be forwarded within reasonable bounds are matters of legislative determination. The means provided by this statute cannot be said to be unreasonable or arbitrary, and are, therefore, within the power of the legislature and are not obnoxious to the Constitution.

It is not an impairment of the freedom of contract of a citizen to require that certain terms of a contract shall be posted in such form as not to be subject to mistake or dispute, which is in substance the entire requirement of the act. The statute requires only that the hours of labor be stipulated in advance and then be followed until some change is made. The parties are left free to establish any schedule of hours desired. The employer is only required to observe the table of hours of labor which he himself has chosen to post in any room.

In support of these contentions see, *Assaria State Bank* v. *Dolley,* 219 U. S. 121; *Barrett* v. *Indiana,* 229 U. S. 26; *Commonwealth* v. *Hamilton Mfg. Co.,* 120 Massachusetts, 383; *Chicago, R. I. & P. Ry.* v. *Arkansas,* 219 U. S. 453; *Commonwealth* v. *Riley,* 210 Massachusetts, 387; *Griffith* v. *Connecticut,* 218 U. S. 563; *Hamilton Co.* v. *Massachusetts,* 6 Wall. 632; *Holden* v. *Hardy,* 169 U. S. 366; *Howard* v.

*Kentucky,* 200 U. S. 164; *Lindsley* v. *Natural Carbonic Gas
Co.,* 220 U. S. 61; *Muller* v. *Oregon,* 208 U. S. 412; *Osborne*
v. *Florida,* 164 U. S. 650; *Stockard* v. *Morgan,* 185 U. S.
27; *Schmidinger* v. *Chicago,* 226 U. S. 578; *Twining* v. *New
Jersey,* 211 U. S. 90; *Williams* v. *Arkansas,* 217 U. S. 79.

MR. JUSTICE MCKENNA delivered the opinion of the
court.

Criminal complaint brought against plaintiff in error
in the Superior Court within and for the county of Bristol
charging him with the violation of a statute of the State [1]
in that he, being superintendent of the Davol Mills, a cor-
poration duly established by law and conducting a mill
for the manufacture of cotton goods in which establish-
ment women were employed, employed two women by
the names of Annie Manning and Nora Callahan at a
time other than the time which the statute required to
be posted in a conspicuous place in the mill where women
were required to work in laboring.  The specific charge
is that the women were employed at five minutes of one
o'clock (12.55 p. m.) on the twenty-fourth of February,
1910, in a room wherein was posted a notice in which it
was stated that the time of commencing work was 6:50
a. m. and of stopping work was 6 p. m., and that the time
allowed for dinner began at 12 m. and ended at 1 p. m.

A demurrer and motion to quash were filed, alleging the
unconstitutionality of the statute.

The charge was dismissed as to Annie Manning, and
plaintiff in error was convicted as to the charge in regard
to Nora Callahan, and sentenced to pay a fine of $50.00.
The sentence was affirmed by the Supreme Judicial Court,
and its rescript having been sent to the trial court, this
writ of error was sued out.

---

[1] Chapter 514, Acts of 1909 entitled "An Act to Codify the laws re-
lating to labor."

The statute of the State which is assailed provides that no child or woman shall be employed in laboring in any manufacturing or mechanical establishment more than ten hours in any one day, except as hereinafter provided in this section, unless a different apportionment of the hours of labor is made for the sole purpose of making a shorter day's work for one day of the week, and in no case shall the hours of labor exceed fifty-six in a week. It is provided, "Every employer shall post in a conspicuous place in every room in which such persons are employed a printed notice stating the number of hours' work required of them on each day of the week, the hours of commencing and stopping work, and the hours when the time allowed for meals begins and ends. . . . The employment of such person at any time other than as stated in said printed notice shall be deemed a violation of the provisions of this section," punishable by a fine of not less than $50 nor more than $100.

The first contention of plaintiff in error is that the statute restricts the right to sell and buy labor, and therein infringes the liberty of contract assured by Art. XIV of the amendments to the Constitution of the United States. The contention is untenable expressed in this generality. In *Muller* v. *Oregon*, 208 U. S. 412, against a similar contention, a statute of Oregon was sustained which prohibited the employment of women in mechanical factories or laundries working more than ten hours during any one day, with power, as in the Massachusetts statute, to apportion the hours through the day.

But special objections are made which, it is contended, make *Muller* v. *Oregon* inapplicable. The prohibition of the statute under review, it is said, "is not restricted to times and places which relate to and naturally and logically affect a woman's health, safety or morals or the welfare of herself or the public." Such are the conditions necessary to the validity of a statute, restricting employ-

ment, it is contended, and that those conditions are not satisfied by the statute. Section 48, it is urged, not only prohibits the employment of women more than ten hours a day, but that (quoting the section) "the employment of such person [woman] at a time other than as stated in said printed notice shall be deemed a violation of the provisions of this section."

The provision is arbitrary and unreasonable, it is insisted, in that it requires the employer to post a notice in a room in which women and minors are permanently employed in laboring only six hours a day and makes it a crime if such person is allowed to work for five minutes at a time other than as stated in the notice. But if we might imagine that an employer would so enlarge the restrictions of the statute or be charged with violating it if he did, we yet must remember that as it was competent for the State to restrict the hours of employment it is also competent for the State to provide administrative means against evasion of the restriction. *Chicago, B. & Q. R. R. Co.* v. *McGuire,* 219 U. S. 549; *St. John* v. *New York,* 201 U. S. 633. Neither the wisdom nor the legality of such means can be judged by extreme instances of their operation. The provision of § 48 cannot be pronounced arbitrary. As said by the Supreme Judicial Court, the statute "requires the hours of labor to be stipulated in advance, and then to be followed until a change is made. It does not by its terms establish a schedule of hours. This is left to the free action of the parties. Nor does it in the sections now under consideration restrict the right to labor to any particular hours. See *People* v. *Williams,* 189 N. Y. 131. It simply makes imperative strict observance of any one table of hours of labor while it remains posted.

"The end of the statute is the protection of women within constitutional limits, and the requirement that the hours posted in the notice shall be followed is a means to

effectuate the attainment of that end (p. 394)." In other words, the purpose of the posting of the hours of labor is to secure certainty in the observance of the law and to prevent the defeat or circumvention of its purpose by artful practices.

There is a contention somewhat tentatively made by plaintiff in error that the statute offends the equal protection clause of the Fourteenth Amendment. It will be observed that § 48 provides that the printed form of the "notice shall be provided by the chief of the district police, after approval by the attorney general." And counsel say, "If it be claimed that such a notice must first be approved by the Attorney General of the State, our reply is that the statute says the *form* shall be approved; but if it is held that the Attorney General is to approve the number of hours and that the Attorney General may say what the number of hours shall be, then he could approve or disapprove different notices stating different numbers of hours of employment by different employers. This seems to us to be a violation of the Fourteenth Amendment as denying equal protection of the laws."

And again counsel say, as a specification of the unreasonableness of the statute as an exercise of the police power of the State, "By approval of different schedules by the Attorney General, the law may operate unequally in different employments." This supposition is based on the other, that is, that something else than the form of notice is to be prescribed by the Attorney General. But counsel assert that it is the form only which the Attorney General is to approve, and the assertion is not denied. There is, therefore, nothing tangible in the contention. Besides, it has no justification in the opinion of the Supreme Judicial Court.

*Judgment affirmed.*