[Criminal No. 369.   Filed September 18, 1915.]

[151 Pac. 958.]

## STATE, Appellant, v. DOMINION HOTEL, INC., Respondent.

1. MASTER AND SERVANT—REGULATION OF RELATION—HOURS OF LABOR —POLICE POWER.—Legislation restricting the number of hours of labor which may be performed in one day, when detrimental to the health of laborers or a particular class of employees, as women, is a valid exercise of the police power.

2. MASTER AND SERVANT—REGULATION OF RELATION—HOURS OF LABOR —POLICE POWER.—Laws limiting the hours of labor for female employees may be valid when similar statutes would be invalid if applied to males.

3. CONSTITUTIONAL LAW—EQUAL PROTECTION OF LAW—DEPRIVATION.— Penal Code of 1913, paragraph 717, declares that no female shall be employed or permitted to work in any hotel, mercantile establishment, etc., more than 8 hours in any one day or more than 56 hours in any one week, provided that at least one hour for meals shall be allowed during the working period, and that the eight-hour period of work shall be performed within a period of 12 hours, the period of 12 hours during which such labor must be performed not to be applicable to railroad restaurants. Section 718 declares that the employment of any female in any place or establishment at any time other than those of the posted hours of labor shall be *prima facie* evidence of a violation of the act; while section 719 declares that every employer shall post in a conspicuous place in every room a printed notice stating the hours of commencing and stopping work, the time allowed for meals, and the maximum number of hours any female employee is permitted to work in any one day. Section 720 makes a violation a misdemeanor and fixes the punishment. *Held,* that the exemption of railroad restaurants or eating-houses located upon railroad rights of way and operated by or under contract with any railroad company from the application of that provision of the statute which requires the eight hours of labor to be performed within a period of twelve hours, and the fact that railroad eating-houses may distribute the working period throughout the entire 24 hours while other hotels and eating-houses must confine the eight hours' working period to a period of twelve hours, does not deprive those hotels and eating-houses *not* located on a railroad right of way and operated by or under contract with a railroad company of the equal protection of the laws in violation of Constitution of the United States, amendment 14, and Constitution of Arizona, article 2,

section 4, since the employers in any event are only requiring 8 hours' service of their employees, and the employer is not interested in the employees' hours of rest.

[As to construction of federal hours of service act, see note in Ann. Cas. 1915D, 456.]

4. CONSTITUTIONAL LAW—SPECIAL IMMUNITIES.—Nor does such exemption of railroad restaurants or eating-houses from the provision of the statute requiring the eight hours of labor to be performed within a period of twelve hours render such statute invalid as granting railroad eating-houses and restaurants special immunities contrary to Constitution of Arizona, article 2, section 13, declaring that no law shall be enacted granting to any citizens immunities which shall not on the same terms belong to all citizens.

APPEAL from a judgment of the Superior Court of the County of Gila. G. W. Shute, Judge. Reversed and remanded, with instructions to overrule demurrer.

Mr. Wiley E. Jones, Attorney General, Mr. Leslie C. Hardy and Mr. Geo. W. Harben, Assistant Attorneys General, and Mr. Norman J. Johnson, County Attorney, for the State.

Miss Alice M. Birdsall (Messrs. Alderman & Elliott, of Counsel), for Respondent.

CUNNINGHAM, J.—The respondent, Dominion Hotel, Incorporated, was charged with the commission of an offense defined by paragraph 717 of the Penal Code of Arizona of 1913. Said paragraph is as follows:

"No female shall be employed or be permitted to work in any mercantile establishment, confectionery store, bakery, laundry, hotel, restaurant, or telephone or telegraph office or exchange, in this state, more than eight hours during any. one· day or more than fifty-six hours during any one week: Provided, that at least one hour for meals be allowed each female during her working period, but no part of such hour for meals shall be included as a part of the permitted working period: Provided further, that the said eight hour period of work shall be performed within a period of twelve hours, the period of twelve hours during which such labor must be performed not to be applicable to railroad restaurants or eating-houses located upon railroad rights of way and operated by or under contract with any railroad company: And provided

further, that in any such mercantile establishment, confectionery store, or bakery, where females are employed for six days only in any one week, two additional hours (making a total working period of ten hours) may be added to said permitted period of daily labor on one of said six working days, but in all cases the permitted period of daily labor must be performed within said period of twelve hours: And provided further, that the provisions of this section shall not apply to females employed in any such telephone or telegraph office or exchange in which not more than three females are employed or to female nurses."

Paragraph 720, Id., declares a violation of paragraph 717, *supra*, a misdemeanor and prescribes the punishment.

The defendant (respondent), having waived a preliminary examination, was held to answer the charge before the superior court of Gila county. In due time the county attorney of that county filed an information, which, omitting the formal language, charges the offense as follows:

"That the Dominion Hotel, Incorporated, is a corporation organized, existing, and doing business under and by virtue of the laws of the state of Arizona, and the said corporation is and heretofore has been, and was upon the second (2d) day of March, A. D. 1914, engaged in the hotel business in Globe, Gila county, state of Arizona, and did then and there run and operate the Dominion Hotel, that said corporation did upon the second (2d) day of March, A. D. 1914, unlawfully permit one Ada Tessmer, a female person, to be employed by it in said hotel and work eight (8) hours, and that said eight (8) hours of work was not then and there performed within a period of twelve (12) hours, and the said Dominion Hotel, Incorporated, not being then and there engaged in the business of conducting a railroad restaurant or eating-house located upon a railroad right of way, or operated by, or under contract, with any railroad company contrary," etc.

To this information the defendant (respondent) interposed a demurrer "upon the ground that it appears upon the face of said information that it fails to state facts sufficient to constitute a crime or a public offense under the laws of Arizona, or at all." The demurrer was sustained and the cause

dismissed. From which order and judgment the state appeals.

The respondent, in support of the ruling and judgment, contends that the statute, paragraph 717, *supra,* defining the offense set forth in the information, violates the fourteenth amendment of the federal Constitution, and sections 4 and 13 of article 2 of the state Constitution. The offense charged and defined by the statute is that the defendant permitted Ada Tessmer, a female employee, to be employed about the operation of its business at a time not within the permitted hours of her employment; that is, defendant permitted said female employee to work a part of 8 hours in performing a day's work after a period of 12 hours elapsed from the time of the commencement of such day's work. The demurrer admits, for all of its purposes and of this appeal, that respondent, in the operation of its hotel, did permit Ada Tessmer, a female then in its service, to be employed at a time not within the permitted hours of her employment. These facts admitted the commission of the offense defined in the statute, and it is liable to the punishment prescribed, unless the statute is a nullity.

The respondent contends that the statute is inoperative, because by its terms hotels of the class to which it belongs are not granted equal protection with restaurants or eating-houses on railroad rights of way operated by a railroad company or under contract with the railroad company, that restaurants and eating-houses coming within the exception of the statute are granted rights not granted to hotels conducting eating departments such as respondent, and hence respondent is unjustly discriminated against and denied the equal protection of the law. Counsel assume that Ada Tessmer was employed as a waitress in respondent's dining-room department. The statute limits the daily working period of female employees of all hotels and of all restaurants and eating-houses and of all other designated occupations to 8 hours as one day, with minor exceptions not urged in this case. The permitted working period is determined in all occupations affected by paragraph 719 of said statute, providing: "Every employer shall post in a conspicuous place in every room where such females are employed, a printed notice stating the hours of commencing and stopping such work, the

time allowed for dinner or other meals, and the maximum number of hours any female employee is permitted to work in any one day," thereby requiring all hotels, restaurants and eating-houses, without exception, in the respect under consideration, to define by a printed notice the permitted working hours of female employees. Such permitted working hours must be designated in such notice, so as to show the time of actual employment within the limits of the period of commencement of the employment and its end, so that in the aggregate the time the female employee is required to be employed in the performance of her duty does not exceed 8 hours. Therefore the actual daily working period of female employees in the occupations mentioned in the statute is 8 hours in any one day; and the permitted working period of such employees in such occupation is that period of time limited by the printed and posted notice required by paragraph 719 of said statute. All hotels, restaurants and eating-houses, without exception, are required to post the printed notice defining the daily permitted working period of their female employees, and any hotel, restaurant or eating-house, without exception, permitting its female employees to be employed at a time other than the actual daily working period as defined by the said notice, is declared to be guilty of the offense defined.

Paragraph 718 of the statute provides: "The employment of any female in any place or establishment defined in the preceding section, at any time other than those of the posted hours of labor, as herein provided for, shall be *prima facie* evidence of a violation of this act [section 717]" clearly showing that it was the intention of the legislature to declare as a public offense the employment of female employees at times other than during the posted hours for employment. Such are clearly the conditions essential to the public offense defined by the statute, of which respondent stands charged on the face of the information.

The exception of which respondent complains as depriving it of the equal protection of the law, in violation of the fourteenth amendment of the federal Constitution and in violation of section 4 of article 2 of the state Constitution, reads as follows:

"Provided further, that the said eight hour period of work shall be performed within a period of twelve hours, *the period of twelve hours during which such labor must be performed not to be applicable to railroad restaurants or eating-houses located upon railroad rights of way and operated by or under contract with any railroad company.*"

Respondent's contention, as stated in the brief, is this:

"That in providing that the 8-hour working period prescribed for females in certain designated occupations must not extend over a period of more than 12 hours the legislature has made such an unreasonable, unwarranted, and arbitrary regulation of the working hours of women as to be entirely without justification, even under the guise of an attempted exercise of so-called 'police powers.'"

As we have seen above, the actual daily working hours for female employees are defined and fixed, not by the statute, but by the employer in the printed and posted notice. The actual daily working hours of such employees must be so defined and fixed by all employers engaged in the designated occupations, without exception; consequently it is clear that the exception complained of affects the notice required to be posted, as it concerns the contents of such notice. The notice printed and posted by the occupations not falling within the exception must fix the actual daily working hours within a limit of 12 hours of the day, while the proprietors of restaurants or eating-houses located upon railroad rights of way and operated by the railroad company or under contract with the railroad company are likewise required to define and fix the actual daily working hours of female employees, but within a limit of 24 hours of the day, by force of the exception. The question here raised is whether the statute allowing railroad restaurants and eating-houses operated by railroad companies or under contract with railroad companies to define and fix the 8 actual daily working hours of their female employees within a limit of 24 hours, and prohibiting hotels and other restaurants and eating-houses not located on railroad rights of way and not operated by railroad companies or under contract with railroad companies, from defining and fixing the 8 actual daily working hours of their female employees within 24 hours, but restricting them to defining and fixing such actual working hours of their said employees

within 12 hours, deprives such hotels and restaurants of the equal protection of the law, and discriminates unjustly against such hotels and restaurants, as it deprives them of the equal right to buy female labor, and deprives the female employees from an equal right to sell their labor. The commodity subject to sale and purchase is 8 hours of labor. The employer in all occupations affected buys that commodity under contract with the employee. The statute restricts the rights of the parties to such contract to deal, buy and sell only 8 hours' labor in one day. Such is the evident and primary object of the statute. The law is well settled that legislation which restricts the number of hours of labor which may be performed in one day in certain occupations declared detrimental or considered detrimental to the health or safety of the laborer is a valid exercise of the police power of the state. *Lochner* v. *New York*, 198 U. S. 45, 3 Ann. Cas. 1133, 49 L. Ed. 937, 25 Sup. Ct. Rep. 539; *Holden* v. *Hardy*, 169 U. S. 366, 42 L. Ed. 780, 18 Sup. Ct. Rep. 383; *Ex parte Kair*, 28 Nev. 425, 6 Ann. Cas. 893, 82 Pac. 453; *State* v. *Livingston Concrete Bldg. & Mfg. Co.*, 34 Mont. 571, 9 Ann. Cas. 204, 87 Pac. 980.

Occupations that may not come within such rule as detrimental or dangerous to health and safety as it affects male operatives may come within the rule when female operatives are affected, and thus become a valid subject of legislation under the police power of the state; that is, the legislation fixing the number of laboring hours of female employees may become valid legislation, but, when applied to males, the legislation would be invalid: See *Muller* v. *Oregon*, 208 U. S. 412, 13 Ann. Cas. 957, 52 L. Ed. 551, 28 Sup. Ct. Rep. 324; *Riley* v. *Massachusetts*, 232 U. S. 671, 58 L. Ed. 788, 34 Sup. Ct. Rep. 469.

The respondent concedes that legislation which limits the number of hours a female may be employed in hotel work during one day to 8 hours is within the legislative power to reasonably regulate. To quote from respondent's brief, viz.:

"Laws regulating the number of hours of employment of women in certain occupations have been upheld by the highest courts of the respective states [named in the brief] ; those of Oregon and California having also been upheld by the supreme court of the United States. Each of these laws contains the specific provision that the hours of labor may be

arranged at any time during the 24, so that the aggregate number of hours of labor does not exceed the prescribed limit"—citing *Hawley* v. *Walker,* 232 U. S. 718, 58 L. Ed. 813, 34 Sup. Ct. Rep. 479, as sustaining an Ohio statute, affirming 22 Ohio Sup. & C. P. Dec. 39, on authority of *Muller* v. *Oregon,* 208 U. S. 412, 13 Ann. Cas. 957, 52 L. Ed. 551, 28 Sup. Ct. Rep. 324.

The Massachusetts statute under consideration in the *Riley Case, supra,* provides that no child or woman shall be employed in laboring in any manufacturing or mechanical establishment more than 10 hours in any one day, except to make a shorter day's work for one day of the week, and in no case shall the hours of labor exceed 56 in the week. The court says:

"It is provided: 'Every employer shall post in a conspicuous place in every room in which such persons are employed a printed notice stating the number of hours' work required of them on each day of the week, the hours of commencing and stopping work, and the hours when the time allowed for meals begins and ends. . . . The employment of such persons at any time other than as stated in said printed notice shall be deemed a violation of the provisions of this section'" and punishable.

The specific charge in that case is stated in the opinion to have been that the women were employed at 5 minutes of 1 o'clock in a room wherein was posted a notice in which it was stated that the time of commencing work was 6:50 A. M. and of stopping work was 6 P. M., and that the time allowed for dinner began at 12 M. and ended at 1 P. M. Thus the offense consisted of permitting the women to be employed at their work 5 minutes before 1 o'clock P. M., the time stated in the posted notice as the time for them to commence work; hence they were employed at a time not permitted. The contention was made that the statute restricted the right to sell and buy labor, and therein infringed the liberty of contract assured by article 14 of the amendments to the Constitution of the United States. The court said: "The contention is untenable expressed in this generality." In *Muller* v. *Oregon,* 208 U. S. 412, 13 Ann. Cas. 957, 52 L. Ed. 551, 28 Sup. Ct. Rep. 324, against a similar contention, a statute of Oregon was sustained which prohibited the employment of women in me-

chanical factories and laundries working more than 10 hours during any one day, with power, as in the Massachusetts statute, to apportion the hours through the day. That is a clear recognition of the right of the state both to limit the number of hours of employment of women in certain occupations, and, in the exercise of the right, the hours of employment may also be required to be apportioned through the day without offending the constitutional provision. In the *Riley Case* the notice prescribed the period of time from the commencing to the stopping of work as 11 hours and 10 minutes, then designated the working hours apportioning them within the said prescribed working period. The supreme court upholds the statute as valid. The Massachusetts statute requires the employer to limit in his notice the hours the female is permitted to work, and it seems he may designate the working and rest hours so as in the aggregate to include the full 24 hours, or he may so designate the working hours and the rest hours so that the aggregate permitted working hours of the day is 11; one hour for meals being absolutely required. In any event the employer is granted the right to designate the time of work and rest and apportion the hours of the day for work and rest as he deems to his advantage. Under our statute the employer in all the designated occupations is given the same liberty to apportion the hours of the day for work and rest. He is not limited to any particular hours of the day which he may apportion to work, and which he may apportion to rest. Employers operating hotels and restaurants other than railroad restaurants and eating-houses may not designate exceeding 4 hours as hours of rest, one hour of which must be designated as the hour for meals; while employers operating railroad restaurants and eating-houses may, if they choose, designate in the notice one hour for meals and 15 hours for rest and 8 hours for work. The contention, in effect, is that, the railroad restaurants having granted them the right to designate in their printed notice more hours in which their female employees may not work than hotels and restaurants not operated by railroads are allowed to designate in their notices, the former are deprived of equal protection of the law. In this the respondent cannot be injured. The hours of labor is the item bought and sold, and the notice posted designates or must designate when

that article must be delivered. The notice posted may re-quire the employees of railroad restaurants and eating-houses located on railroad rights of way to deliver 8 hours' labor within an aggregate period of 9 hours, and so may the notice posted by other hotels and restaurants. The matter of ap-portioning the hours of the day for the labor is left to the employer, with the one restriction upon hotels and restau-rants, etc., not railroad hotels and eating-houses, that they may apportion only 12 hours of the day, but any 12 hours they have the right to apportion.

The offense created by the statute is permitting the female employee to work at times not designated as a part of the working period. Clearly, hotels and restaurants of all kinds may commit such offense, yet the commission of the offense would depend upon the notice posted, because upon the notice would depend the evidence of the working period, and that fact established, the fact essential to a conviction must be established that the female employee was permitted to work at a time other than the working time specified in the notice. The fact that respondent and employers of like occupations are not permitted to apportion more than 12 hours of the day to the performance by female employees of 8 hours' work deprives them of no right of contract protected by the four-teenth amendment to the Constitution of the United States and section 4 of article 2 of the state Constitution. The stat-ute in the particular mentioned is a reasonable regulation restricting the employer in apportioning the hours of rest, and not of labor. He has no property right in the hours of rest of his said employees, and to grant one employer the right to apportion the hours of labor during the 24 hours of the day so that, in effect, the employer is able to apportion the hours of rest as well as the hours of labor, is the grant of no privilege or immunity to one employer that, withheld from another, deprives the other employer of equal protection when such other is permitted to apportion only 12 hours of the day for his employee. In either case no more than 8 daily work-ing hours may be apportioned of one day, and the employers, without exception, have equal rights in making the apportion-ment. The contention made is without merit.

Respondent further contends that the exception found in the statute deprives employers of designated occupations not

within the exception of privileges and immunities granted restaurants and eating-houses located on railroad rights of way and operated by railroad companies or under contracts with railroad companies, that is, occupations falling within the exception, and that thereby it offends section 13, article 2, of the state Constitution. Said section is as follows:

"No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

Without any doubt the statute grants to all the designated occupations the same privilege of apportioning the 8 daily working hours of female employees to any hours of the day or night deemed most profitable to the business or acceptable to the employer. Certainly no employer of female labor in the designated occupations is immune from punishment when he has permitted a female in his service to be employed at times other than during the designated hours of employment. No privilege or immunity is granted one employer that is not granted the other. The identical act is made a public offense if committed by either. If convicted, the identical punishment for all is prescribed and may be the same in extent. The same degree of proof essential to a conviction is required, the same right of defense is given both, and the same defense of the charge may be interposed by either class.

"The employment of any female in any place or establishment defined in the preceding section [paragraph 717] at any time other than those of the posted hours of labor, as herein provided for, shall be *prima facie* evidence of a violation of this act." Paragraph 718, Penal Code, 1913.

This rule of evidence applies to all employers described in the act. All employers have equal burdens. The respondent clearly has equal protection of the law with railroad restaurants and eating-houses. It has the same right of defense. No greater punishment is provided. No different rule of evidence is prescribed, and no material discrimination is made by the exception.

The order of the court sustaining the demurrer to the information upon the ground that the information fails to state facts sufficient to constitute a public offense was erroneous. The judgment is reversed and the cause remanded, with in-

structions to overrule the demurrer and proceed according to law.

Reversed and remanded.

ROSS, C. J., and FRANKLIN, J., concur.

On the constitutionality of statute limiting hours of labor, see notes in 19 L. R. A. 141; 21 L. R. A. 796, 65 L. R. A. 38; 12 L. R. A. (N. S.) 1130; 26 L. R. A. (N. S.) 242; 35 L. R. A. (N. S.) 628; 40 L. R. A. (N. S.) 893; 51 L. R. A. (N. S.) 361.