[Criminal No. 407.    Filed December 19, 1916.]

[161 Pac. 682.]

## DOMINION HOTEL, INC., a Corporation, Appellant, v. STATE, Respondent.

1. MASTER AND SERVANT—STATUTORY WORKING PERIOD——PROSECUTION —INSTRUCTION.—Where in a prosecution for violating Penal Code of 1913, paragraph 717, by unlawfully permitting a female person to be employed in a hotel dining-room, and perform eight hours of work in a day, not within a period of twelve hours, it appeared that the employee actually worked at the times and at all times specified for working in the posted notice, the court properly refused to instruct the jury to render a verdict of not guilty if they found that a printed notice of hours of labor not exceeding eight hours was posted in a conspicuous place in the room where she was employed, and further found that she was not permitted to work at times not designated in the notice as part of the working period; such instruction in effect telling the jury that the period of time in which female employees are permitted to deliver eight hours' work, in restaurants and like occupations, is fixed by posted notices rather than by statute.

2. MASTER AND SERVANT—STATUTORY WORKING PERIODS—NOTICE.—The notice required by Penal Code of 1913, paragraph 719, requiring the employer of female help to post a printed notice in a conspicuous place in every room where such females are employed, must require

that the eight-hour period fall within a period of twelve hours; otherwise it is invalid as a binding notice.

[As to constitutionality of statutes limiting length of day's labor, see note in **Ann. Cas. 1912D, 393.**]

APPEAL from a judgment of the Superior Court of the County of Gila.   G. W. Shute, Judge.   Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The appellant was informed against, tried and convicted for the violation of paragraph 717, Penal Code of Arizona, 1913, viz., having willfully, intentionally and unlawfully permitted one Agnes Silka, a female person, to be employed in its hotel dining-room, and work eight hours, and to so work eight hours, said eight hours of work not being performed within a period of twelve hours.   From the judgment of conviction the defendant appeals.

Messrs. Alderman & Elliott and Mr. James R. Malott, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. G. W. Harben and Mr. R. Wm. Kramer, Assistant Attorneys General, and Mr. Norman J. Johnson, County Attorney, for the State.

CUNNINGHAM, J.—The questions of law raised in this case are identical with the questions raised and decided in the case of *State* v. *Dominion Hotel, Inc.*, 17 Ariz. 267, 151 Pac. 958.   In that case the female person employed was Ada Tessmer, and the date of the offense was March 2, 1914, while in this case the name of the female employee is Agnes Silka, and the date of the offense is February 28, 1914.   In all other respects the informations are identical in language employed.

The questions of law presented in this case will not be again discussed at length.   However, on this appeal the further question is argued and may with profit be discussed, because such question was not referred to in the previous case; I have reference to the question raised in several different manners, but will notice the question only as presented by the seventh assignment of error, viz.:

"The court erred in refusing to give the instruction requested by the defendant, which is as follows: 'If you find

from the evidence that Agnes Silka was employed upon the twenty-eighth day of February, 1914, in the restaurant or dining-room of the Dominion Hotel by the defendant Dominion Hotel, Inc., and that a printed notice stating the hours of labor of the said Agnes Silka was posted in a conspicuous place in the room where the said Agnes Silka was employed, and that said hours of labor therein set forth did not exceed eight hours, and if you further find that the said Agnes Silka was not permitted on said date to work for the defendant at times not designated as a part of the working period in said posted notice, you are instructed to render a verdict of not guilty.''

Referring to the notice in evidence, it .appears that the notice required, on its face, the female employees to commence work at 6 o'clock A. M., and to stop work at 8:30 o'clock P. M., thereby requiring such female employees to be employed about the operation of appellant's business at a time not within the permitted hours of their employment; that is, defendant permitted said female employee to work a part of eight hours in performing a day's work, after a period of twelve hours elapsed from the time of the commencement of such day's work.

The evidence of the witnesses tended to show, without conflict, that this employee actually worked at the times, and at all times, specified for working in the notice; that she commenced and stopped work at the times named in the notice. The instruction in question in effect told the jury that if they believed this evidence, then the law is that the terms of the notice posted control the matter of permitted hours of such employee's employment, and the statute limiting the period of employment to twelve hours is ineffective. In other words, the period of time in which female employees are permitted to deliver eight hours' work, in restaurants and like occupations, is fixed by the notice posted, and not by the statute.

In the former case, in 17 Ariz. 267, 270, 151 Pac. 958, 959, we said that:

''The offense charged and defined by the statute is that the defendant permitted . . . a female employee to be employed about the operation of its business at a time not within the permitted hours of her employment; that is, defendant permitted said female employee to work a part of eight hours in

performing a day's work after a period of twelve hours elapsed from the time of the commencement of such day's work.''

The evidence in this record applicable to the instruction requested including the notice posted, and the testimony of the witnesses, tends to establish that Agnes Silka was required by the statements contained on the face of the posted notice, and did in fact work a part of eight hours in performing a day's work after a period of twelve hours elapsed from the time of the commencement of such day's work, thereby, without conflict, supporting every essential requirement to establish the offense charged and defined by the statute as determined in 17 Arizona, *supra*. The requested instruction fails to recognize the nature of the offense charged and the application of the evidence establishing such offense. For that reason the court properly refused the instruction as requested.

Appellant, in support of its contention, quoted, with confidence, the following passages from the opinion in the former case, viz.: ''The offense created by the statute is permitting the female employee to work at times not designated as a part of the working period''; and ''the fact essential to a conviction must be established that the female employee was permitted to work at a time other than the working times specified in the notice.'' These passages quoted were used in the former opinion with reference to all of the offenses defined by paragraph 717, *supra,* including all classes of employment, in arguing the proposition whether the employer-defendant was deprived of the equal protection of the law with railroad restaurant-keepers and restaurants located upon railroad rights of way and operated under contract with railroad companies. It was there contended that operators of restaurants, hotels and eating-houses, not falling within the class of railroad restaurants, were deprived of equal protection of the law, for the reason owners of the class to which respondent belonged were not permitted by the statute to cause their female employees, waitresses, to work as a portion of an eight-hour day, after the twelve-hour period had elapsed, while owners of railroad restaurants, etc., by reason of the exception in the statute could cause their female waitresses to work an aggregate of eight hours at any times during the whole twenty-four hours of the day. In that case the respondent there, the appellant here, assumed that if the statute was valid, the notice posted

directing the hours for work by its female waitresses must limit the period for work to eight hours, and such eight hours' work must be performed within a period of twelve hours. Respondent's contention, in that case, was based upon such assumption, and this court likewise indulged the same in its references to the notice posted. The court in its opinion says, immediately following the last word quoted:

"The fact that respondent and employers of like occupations are not permitted to apportion more than twelve hours of the day to the performance by female employees of eight hours' work deprives them of no right of contract protected by the Fourteenth Amendment to the Constitution of the United States and section 4 of article 2 of the state Constitution."

We held in the former case, and this holding is within the clear, plain, unmistakable, terms of the statute, that the offense charged in the information, and defined by the statute, "is that the defendant permitted . . . a female employee to be employed about the operation of its business at a time not within the permitted hours of her employment; that is, defendant permitted said female employee to work a part of eight hours in performing a day's work after a period of twelve hours elapsed from the time of the commencement of such day's work." We said (17 Ariz. 270, 151 Pac. 959): "These facts admitted the commission of the offense defined in the statute"; that is, the demurrer admitted the facts referred to.

The facts appearing that the female employee performed labor only at the times specified in the posted notice for actual work is not sufficient as a defense, unless the further fact appears that the notice required the day's work to be performed within a period of twelve hours from the time of commencing to the time of stopping, and that the prosecution relied upon paragraph 718 of the Penal Code for a conviction under evidence that the female employee was permitted to work at times other than those of the posted notice. Such was not the theory relied upon in this case for a conviction. Had such theory for conviction been relied upon, the instruction requested would have still failed to present a correct proposition of law, because it fails to take into consideration that the posted notice must require the eight hours' work period to fall within a period of twelve hours; otherwise, it is invalid

as a binding notice when intended to affect the employments. here under consideration.

The record contains no error and the judgment is therefore affirmed.

ROSS, C. J., and FRANKLIN, J., concur.

On the general construction and application of the statute limiting hours of labor, see notes in 65 L. R. A. 33; L. R. A. 1915D, 408.