STATE, Respondent, v. COLLINS, Appellant.

(198 N. W. 557.)

(File No. 5527.   Opinion filed May 1, 1924.)

**Constitutional Law—Master and Servant—Statute Limiting Hours of Labor for Women, Girls, and Children Held Not Unconstitutional.**

Rev. Code 1919, Sec. 10014, as amended by Laws 1921, c. 308, Sec. 1, limiting the hours which any person shall compel any woman, girl, or child under the age of 16 years to labor, and providing a penalty for the violation of same, is not unconstitutional as violative of Const. U. S., Amend. 14, Const. S. D., art. 6, Secs. 1, 2, 18.

Appeal from Municipal Court of Sioux Falls; Hon. Ransom L. Gibbs, Judge.

W. S. Collins was charged with a violation of a statute limiting the hours of labor of women and children, and appeals from an order overruling his demurrer to the complaint. Order affirmed.

*Parliman & Parliman,* of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney General, and *Ray F. Drewry,* Assistant Attorney General, for Respondent.

Appellant cited: Laws 1919, Chap. 308; Adkins v. Children's Hospital, 13 S. C. 442; Holden v. Hardy, 169 U. S. 366, 42 L. ed. 780; Lochner v. New York, 198 U. S. 45, 49 L. ed. 937; Bunting v. Oregon, 243 U. S. 426, 61 L. ed. 830; Muller v. Oregon (U. S.), 52 L. ed. 551.

Respondent cited: Holden v. Hardy, 169 U. S. 366, 42 L. ed. 787; Lawton v. Steele, 152 U. S. 133, 136; Cooley on Constitutional Limitations, 7th Ed. 257; State v. Crow (Ark.), 197 S. W. 4; Williams v. Evans, 139 Minn. 32, 165 N. W. 495, L. R. A. 1918F, 542; Barbier v. Conolly, 113 U. S. 27; Hebe Co. v. Show, 248 U. S. 294, 63 L. ed. 255; Patterson v. Kentucky, 97 U. S. 501, 24 L. ed. 115; Rast v. Van Deman, 240 U. S. 342, L. R. A. 1917A 421; Stettler v. O'Hara, 69 Ore. 519, 139 Pac. 743, L. R. A. 1917C, 944, 23 Sup. Ct. Rep. 475, 61 L. ed. 937; Withey v. Bloem, 163 Mich. 419, 35 L. R. A. (N. S.) 628, 128 N. W. 913; In re Miller, 162 Cal. 687, 124 Pac. 427; People v. Kane, 139 N. Y. S. 350; Miller v. Wilson, L. R. A. 1915F, 834; Schoof v. Rural Credits Board, 39 S. D. 385; Tenement House Dept. v. Moeschen, 179 N. Y. 325, 70 L. R. A. 704.

GATES, J.  Section 10014, Rev. Code 1919, was amended by chapter 308, Laws 1923, § 1, to read as follows:

"Any employer, or other person having control who shall compel any woman, girl or child under the age of sixteen years to labor or be employed for more than ten hours in any day, or fifty-four hours in any week, except that for five days prior to Christmas he or she may be employed not to exceed twelve hours per day during that period shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not to exceed one hundred dollars, or by imprisonment not to exceed thirty days, or by both such fine and imprisonment; provided that this section shall not apply to farm laborers, domestic servants, telegraph and telephone operators or to persons engaged in the care of livestock; and provided further that in cities having a population of three thousand or less according to the last state or federal census, the standard day may by agreement be made not to exceed ten hours."

In the municipal court of Sioux Falls a complaint was filed charging the defendant with unlawfully compelling one Josephine Secor to be employed for more than ten hours on July 14, 1923, in his public cafe.  The defendant demurred to the complaint for that it did not charge the commission of a public offense.  The demurrer was overruled, and defendant has appealed.

The argument relates solely to the constitutionality of the above mentioned act of 1923.  It is claimed that article 6, §§ 1, 2, and 18 of our state Constitution and the federal Fourteenth Amendment have been violated thereby.

After the decisions of the highest court of our land in the "hours of labor" cases (Muller v. Oregon, 208 U. S. 412, 28 Sup.. Ct. 324, 52 L. ed. 551, 13 Ann. Cas. 957; Riley v. Mass., 232 U. S. 671, 34 Sup. Ct. 469, 58 L. ed. 788; Hawley v. Walker, 232 U. S. 718, 34 Sup. Ct. 479, 58 L. ed. 813; Miller v. Wilson, 236 U. S. 373, 35 Sup. Ct. 342, 59 L. ed. 628, L. R. A. 1915F, 829; Bosley v. McLaughlin, 236 U. S. 385, 35 Sup. Ct. 345, 59 L. ed. 632; Bunting v. Oregon, 243 U. S. 426, 37 Sup. Ct. 435, 61 L. ed. 830, Ann. Cas. 1918A, 1043), all doubts as to the constitutionality of this act of the Legislature would seem to have been laid at rest.  The appellant, however, relies upon the decision in Adkins v. Children's Hospital, 261 U. S. 525, 43 Sup. Ct. 394, 67 L. ed. 785, 24 A. L. R. 1238, and in particular the comments of Mr.

Justice Sutherland as to the effect of the Nineteenth Amendment upon the status of women. Appellant contends that the effect of that decision is to overrule the cases above cited. That case was a "minimum wage" case arising in the District of Columbia, not an "hours of labor" case. It is not surprising that counsel for appellant should have misconceived the effect of the decision in the Children's Hospital case in view of the fact that the learned Chief Justice in his dissenting opinion felt compelled to say:

"I am not sure from a reading of the opinion whether the court thinks the authority of Muller v. Oregon is shaken by the adoption of the Nineteenth Amendment. The Nineteenth Amendment did not change the physical strength or limitations of women upon which the decision in Muller v. Oregon rests. The amendment did give women political power and make more certain that legislative provisions for their protection will be in accord with their interests as they see them. But I don't think we are warranted in varying constitutional construction based on physical differences between men and women, because of the amendment."

However, all doubts as to the effect of the Children's Hospital case upon the former decisions in the "hours of labor" cases have been removed by the recent unanimous decision in Radice v. New York,— U. S. —, 44 Sup. Ct. 325, 68 L. ed. —, in which the opinion was announced on March 10th of this year. It is made clear by that decision that the Children's Hospital case did not overrule the above mentioned "hours of labor" decisions. Those decisions cover the material portions of the argument upon this appeal. We see no reason for going into further detail in explanation of our position in this case; our position is the position of the federal Supreme Court in the "hours of labor" decisions above cited. Section 10014, Rev. Code 1919, as amended by section 1, c. 308, Laws 1923, is not offensive to the federal or state constitutional provisions above cited.

The order appealed from is affirmed.

Note.—Reported in 198 N. W. 557. See, Headnote, American Key-Numbered Digest, Constitutional law, Key-Nos. 238(2), 276, 12 C. J. Secs. 906, 1091; Master and servant, Key-No. 13, 26 Cyc. 979.

On constitutionality of legislative limitation of hours of labor, seen note in L. R. A. 1915F, 829.

On constitutionality of child labor laws generally, see notes in 17 L. R. A. (N. S.) 602, 24 L. R. A. (N. S.) 1121.

As to constitutionality of legislative limitations of hours of labor generally, see note in 12 L. R. A. (N. S.) 1131.

On constitutionality of child labor law, see note in 12 A. L. R. 1216.