**Sallie J. WARD et al.**

v.

**Curtis C. LUTTRELL, etc., et al.**

**Civ. A. No. 67-1622.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 4, 1968.

See also D.C., 292 F.Supp. 165.

R. M. Mathews, New Orleans, La., for plaintiffs.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Baton Rouge, La., William P. Schuler, Second Asst. Atty. Gen., Arabi, La., John M. Currier, Asst. Atty. Gen., William P. Curry, Jr., Special Counsel, New Orleans, La., for defendants.

Before AINSWORTH, Circuit Judge, and BOYLE and RUBIN, District Judges.

BOYLE, District Judge:

This action is brought by fourteen women alleging that they are employed by Southern Bell Telephone and Telegraph Company and The Boeing Company at the Launch System Branch of the National Aeronautical and Space Administration's Michoud Assembly Facility in New Orleans, Louisiana.

Jurisdiction is invoked under 28 U.S.C. § 1343(3) and (4) and The Civil Rights Act of 1964.

The defendants are the Commissioner of Labor of and the State of Louisiana, Department of Labor.[1]

Some of the plaintiffs are engineers,[2] doing engineering work, but classed as clerical employees. Others are "framemen" who route orders and the remainder are telephone operators.

For themselves, and all women workers in Louisiana, as a class, plaintiffs pray for injunctive relief on the ground that the Louisiana maximum work hour laws applicable to women[3] are discriminatory and violative of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and, therefore, are null and void. They further urge that such labor laws are repugnant to the Civil Rights Act of 1964 (42 U.S.C. § 2000e–2(a) and 2000h–4).[4]

Plaintiffs also pray for hearing of the matter by a Three-Judge Court, which has been duly constituted.

The defendants have answered, urging, in addition to a general denial, the following defenses:

1. This is not a proper case for determination by a Three-Judge Court as provided by 28 U.S.C.A. 2281, inasmuch as many statutes similar to the ones here attacked have previously been held to be constitutional and, therefore, the constitutional attack upon these statutes is wholly insubstantial, legally speaking non-existing.

2. Plaintiffs fail to state a claim upon which relief can be granted, inasmuch as plaintiffs bring this suit as a class action on behalf of themselves and other women similarly situated in the State of Louisiana and, therefore, it is submitted that plaintiffs do not fully, properly and adequately represent the class with which they seek to be identified.

3. Plaintiffs fail to state a claim upon which relief can be granted, inasmuch as plaintiffs fail to state any act or practice of discrimination contemplated or intended to be covered by the Civil Rights Act of 1964.

4. The "female labor" statutes under attack are a valid exercise of the police powers of the State as reserved to it by the Tenth Amendment to the Constitution of the United States and relations between employer and employees are proper subjects for legislative regulations under the State police power to legislate for the general welfare.

Plaintiffs have also moved for an order maintaining their action as a class action under F.R.Civ.P.Rule 23.

---

1. The Commissioner and Department of Labor, through the Commissioner, are charged with the administration and enforcement of the Louisiana labor laws, rules and regulations. Louisiana Revised Statutes, Title 23, Section 1 et seq.

2. It does not appear whether the engineer plaintiffs are registered or not. See LRS 37:681 et seq.

3. Louisiana Revised Statutes, Title 23, Labor, Part IV, Female Persons, Sub-parts A through D.

4. 42 U.S.C. § 2000e–2(a)—It shall be an unlawful employment practice for an employer—
(1) to fail or refuse to hire, etc., "or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's * * * sex * * *."
(2) "to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise affect his status as an employee, because of such individual's * * * sex * * *."
42 U.S.C. § 2000h–4—
"Nothing contained in any title of this Act shall be construed as indicating an intent on the part of Congress to occupy the field in which any such title operates to the exclusion of State laws on the same subject matter, nor shall any provision of this Act be construed as invalidating any provision of State law unless such provision is inconsistent with any of the purposes of this Act, or any provision thereof."

We consider first whether this is a proper case for the Three-Judge Court which has been constituted.

The defendants urge that a Three-Judge Court is not required when the action presents an insubstantial claim of unconstitutionality, and contend that because the constitutionality of female labor statutes, on several occasions, has been sustained by the Supreme Court of the United States, the present action does not present a substantial constitutional question.

■ Indeed, a Three-Judge Court is not required where the constitutional issue is not a substantial one. Levering & Garrigues Co., et al. v. Morrin, et al., 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933); Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Swift & Company v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). Lack of substantiality may appear either because it is obviously without merit or because its unsoundness results from previous decisions so as to foreclose the subject. California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Levering & Garrigues Co., et al. v. Morrin, et al., supra; Ex Parte Poresky, supra; Swift & Company v. Wickham, supra; German v. South Carolina State Ports Authority, 295 F.2d 491 (4th Cir. 1961); Mengelkoch v. Industrial Welfare Commission, et al., 284 F.Supp. 950, 956 (C.D.Cal. 1968)—(Appealed August 5, 1968, 393 U.S. 83, 89 S.Ct. 60, 21 L.Ed.2d 215).

The United States Supreme Court has not passed upon the constitutionality of the Louisiana female labor laws so far as we have been able to ascertain. Nor have we been able to discover any case in which the Louisiana Supreme Court has passed upon the question.

However, statutes of other States, prescribing maximum work hours for women, have been held constitutional in no less than five cases. California: Miller v. Wilson, 236 U.S. 373, 35 S.Ct. 342, 59 L.Ed. 628 (1915); Bosley v. McLaughlin, 236 U.S. 385, 35 S.Ct. 345, 59 L.Ed. 632 (1915); Massachusetts: Riley v. Commonwealth of Massachusetts, 232 U.S. 671, 34 S.Ct. 469, 58 L.Ed. 788 (1914); New York: Radice v. People of State of New York, 264 U.S. 292, 44 S.Ct. 325, 68 L.Ed. 690 (1924); Oregon: Muller v. State of Oregon, 208 U.S. 412, 28 S.Ct. 324, 52 L.Ed. 551 (1908).[5]

■ Sociological and economic changes, which have occurred since the early 20th century decisions of the Supreme Court dealing with female labor laws, may be cited to dispel the 19th century notions that women, historically, have been dependent upon and are socially and economically inferior to men. Nevertheless, we find no distinction in the issue presented here and that presented in Muller v. Oregon, supra, and the other cases cited above. Those cases must control here until such time as the Supreme Court makes clear it has abandoned the reasoning giving rise to those earlier decisions and thus declares the law, in fact, changed.[6] The District Court, even when sitting as a Three-Judge Court, cannot reverse the Supreme Court.

■ The Fourteenth Amendment claims alleged in the complaint, we conclude, are too insubstantial to support the jurisdiction of a Three-Judge Court.

■ The only remaining basis on which complainants seek to enjoin enforcement of the State statutes is their asserted repugnancy to the Civil Rights Act of 1964. This claim is, of course, grounded in the Supremacy Clause of the

5. See also: Bunting v. State of Oregon, 243 U.S. 426, 37 S.Ct. 435, 61 L.Ed. 830 (1916), in which an Oregon statute relating to maximum work hours for males was held constitutional; West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703, 108 A.L.R. 1330 (1937), in which a State of Washington statute providing minimum wages for women was held constitutional.

6. The opportunity to do so may be presented in the appeal in Mengelkoch v. Industrial Welfare Commission, et al., supra.

Constitution, which would require, if conflict be found between the State and Federal statutes, that the State enactments give way. The basic question involved in such claim is not one of interpretation of the Federal Constitution, but one of comparing two statutes. That function is not one for a Three-Judge Court. Swift & Company v. Wickham, supra.

Accordingly, the three-judge statutory Court is hereby dissolved and the case returned to Judge Edward J. Boyle, Sr., from whom the matter emanated, for further handling.