THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* CHARLES SMITH, Appellant.

(Argued December 11, 1933; decided January 9, 1934.)

*Albert E. Kane* for appellant.   The ordinance is uncon-
stitutional.   (*People ex rel. Duryea* v. *Wilber*, 198 N. Y.
1; *Wright* v. *Hart*, 182 N. Y. 330; *Giantasio* v. *Kaplan*,
255 N. Y. Supp. 102; *People* v. *Smith*, 225 N. Y. Supp.
528; *Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271; *Atkins*
v. *Hertz Drivurself Stations*, 261 N. Y. 352; *City of Buffalo*
v. *Till*, 182 N. Y. Supp. 418.)

*Thomas C. T. Crain, District Attorney (Joshua Egelson of counsel), for respondent.* The ordinance is constitutional. (*People ex rel. Doyle* v. *Atwell*, 232 N. Y. 96; *Commonwealth* v. *Davis*, 162 Mass. 510; 167 U. S. 43; *Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271; *Klein* v. *Maravelas*, 219 N. Y. 383; *City of Buffalo* v. *Till*, 192 App. Div. 99; *Atkins* v. *Hertz Drivurself Stations, Inc.*, 261 N. Y. 352; *Matter of Gianatasio* v. *Kaplan*, 142 Misc. Rep. 611; *People* v. *Klinck Packing Co.*, 214 N. Y. 121; *Matter of Stubbe* v. *Adamson*, 220 N. Y. 459; *Miller* v. *Wilson*, 236 U. S. 373; *Radice* v. *New York*, 264 U. S. 292; *Euclid* v. *Ambler Co.*, 272 U. S. 365; *Union Oil Co.* v. *City of Portland*, 198 Fed. Rep. 441; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Matthews*, 174 U. S. 96; *Gitlow* v. *People*, 268 U. S. 652.)

POUND, Ch. J.   We held in *People* v. *Smith* (259 N. Y. 48, 50) that an ordinance of the city of New York which prohibited the holding of religious meetings in the public streets of New York except by licensed clergymen, lay readers and some others who had obtained a permit from the Police Commissioner did not apply to an atheist, who talked atheism in the public streets of New York. We said by CRANE, J.: " Instead of gathering an assembly for public worship or exhortation to public worship, he was doing just the reverse; he was denouncing worship in any form and calling upon his hearers to desert such a practice.   The ordinance did not apply to him."   The ordinance (New York Code of Ordinances, ch. 23, art. 3, § 20) has since been amended to authorize the Commissioner to grant a permit to certain persons to preach or expound atheism in the parks, streets and other public places.

Defendant, not having applied for a permit, has been convicted of expounding atheism in the street without such a permit.   He now challenges the constitutionality of the ordinance as requiring permits for street speaking from exhorters of atheism and religion but not from

speakers on other topics. He asserts that it deprives him of the equal protection of the laws and of freedom of speech.

"It is too well settled by judicial decisions in both the State and Federal courts that a municipality may pass an ordinance making it unlawful to hold public meetings upon the public streets without a permit therefor to require discussion. The right to pass such ordinance is a valid exercise of legislative power, properly delegated to the municipal authorities." (*People ex rel. Doyle* v. *Atwell*, 232 N. Y. 96, 100.)

This ordinance is not aimed against free speech. It is directed towards the manner in which the street may be used. (*Commonwealth* v. *Davis*, 162 Mass. 510; affd., 167 U. S. 43.) The legislative power might forbid public meetings and speaking in the streets entirely. It may limit the use of the streets to certain purposes.

If a reasonable difference may be found between classes of those who may have permits for street speaking and those who are not required to have such permits the courts will not upset the legislative classification. (*Miller* v. *Wilson*, 236 U. S. 373; *People* v. *Havnor*, 149 N. Y. 195.) The passion, rancor and malice sometimes aroused by sectarian religious controversies and attacks on religion seem to justify especial supervision over those who would conduct such meetings on the public streets. That the ordinance does not cover all street meetings is no objection to a reasonable classification. Practical exigencies and common experience may permit the recognition of degrees of harm and the limitation of regulation to classes where the need is deemed to be clearest. (*Radice* v. *New York*, 264 U. S. 292.)

The judgment should be affirmed.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment affirmed.