[Crim. Nos. 2933, 2932. Second Appellate District, Division Two.— February 3, 1937.]

In the Matter of the Applications of WILLIAM A. Mc-KELVEY et al., for Writs of Habeas Corpus.

W. I. Gilbert and Leonard Wilson for Petitioners.

Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

WOOD, J.—Petitioners were arrested by the chief of police of Culver City on the charge of violating section 337a of the Penal Code. They contend this section of the code has been repealed and that in the event that it is held that the section has not been repealed the proceedings by which they have been detained are in violation of the Fourteenth Amendment to the Constitution of the United States.

Section 337a of the Penal Code prohibits all kinds of gambling upon the result of contests: "of skill, speed or power of endurance of man or beast, or between men, beasts, or mechanical apparatus, or upon the result, or purported result, of any lot, chance, casualty, unknown or contingent event whatsoever". Long after this section was enacted the legislature in 1933 passed the Horse Racing Act by which a board to be known as the California Horse Racing Board was created. The act provides for the regulating and licensing of horse racing and wagering thereon and that the wagering must be done only at the race track enclosures and under the parimutuel system. By an amendment to the Constitution of California adopted by vote of the people the provisions of the Horse Racing Act were ratified.

The Horse Racing Act contained the provision that "all acts or parts of acts in conflict herewith are hereby repealed" and it is the contention of petitioners that section 337a of the Penal Code was repealed by the inclusion of this provision in the Horse Racing Act. This contention cannot be sustained. Section 337a is not specifically referred to in the repealing clause of the Horse Racing Act. The repealing clause has no greater force than a repeal by implication. Every valid statute repeals by implication all prior statutes in conflict with it. (*Matter of Clary*, 149 Cal. 732 [87 Pac. 580].) Repeals by implication are not favored. (*Niceley* v. *City of Madera*, 111 Cal. App. 731 [296 Pac.

306]; *Riley* v. *Forbes,* 193 Cal. 740 [227 Pac. 768].) The act itself contains a provision from which it is apparent that the legislature did not intend to repeal the general provisions of the Penal Code on the subject: "Any person wagering upon the results of a horse race, except in the pari mutuel or mutual method of wagering, when the same is conducted by a licensee and upon the grounds or enclosure of said licensee, shall be punishable as provided in the Penal Code." (Stats. 1933, p. 2054.) The general provisions of the Penal Code prohibiting wagering on contests between beasts was not repealed by a later enactment which made an exception under certain limited conditions for races between horses. There is no irreconcilable conflict between the two enactments. The same conclusion was reached by the District Court of Appeal, Fourth Appellate District, in *People* v. *Torrey,* 16 Cal. App. (2d) 470 [60 Pac. (2d) 900].

■ The provisions under which petitioners were arrested are not in violation of the Fourteenth Amendment to the federal Constitution, which prohibits states from denying to any person the equal protection of the law. The legislature is given broad discretion in classifying a subject of legislation and it is not necessary that the legislature include in any given law all the subjects which might be included within its provisions. All presumptions are in favor of the validity of acts passed by the legislature and the classifications made by the legislature will not be disturbed by the courts unless they are "actually and palpably unreasonable and arbitrary". (*Radice* v. *New York,* 264 U. S. 292 [44 Sup. Ct. 325, 68 L. Ed. 690]; *Rainey* v. *Michel,* 6 Cal. (2d) 259 [57 Pac. (2d) 932, 105 A. L. R. 148].) ■ The legislature was within its rights in classifying horse racing and permitting wagering thereon without including in the classification dog racing and wagering thereon. The Supreme Court of Illinois reached the same conclusion under a statute containing provisions similar to those now under discussion. (*People* v. *Monroe,* 349 Ill. 270 [182 N. E. 439, 85 A. L. R. 605].) In *Smith et al.* v. *Commonwealth of Kentucky,* 275 U. S. 509 [48 Sup. Ct. 158, 72 L. Ed. 398], the Supreme Court of the United States affirmed a decision of the court of appeals of Kentucky in an action in which the state court sustained a statute prohibiting dog racing and permitting horse racing.

The writs are discharged and petitioners are remanded to the custody of the chief of police of Culver City.

McComb, J., *pro tem.*, and Crail, P. J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 4, 1937.