A. E. F.'s, INC., Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, August 25, 1945.

*Charles L. Cusumano* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (Julius Isaacs, Louis M. Weintraub* and *Alfred D. Jahr* of counsel), for defendants.

NULL, J. The application is for a temporary injunction restraining the defendants from terminating the occupancy by the plaintiff of three stands which it operates in the Staten Island ferry terminal. The defendants, by cross motion have moved, under rule 106 of the Rules of Civil Practice, for judgment dismissing the complaint on the ground that it is insufficient in law.

The action is projected upon a background of litigation, which, although portrayed by the parties in much detail, has no bearing on the issues raised by the respective applications. Upon these motions, at any rate, the pertinent facts are not in dispute.

The defendant City of New York owns the building on or adjacent to the waterfront at St. George, Staten Island, in the borough of Richmond. This building is used as a terminal in conjunction with the operation of the ferry service. The terminal structure is equipped with the usual appurtenances of a ferry station, consisting of waiting rooms, lavatories, ticket booths, telegraph and travelers' aid offices and vending counters or stands from which are sold refreshments, newspapers, fruit, flowers and the like. These are located within the building

along the concourse which constitutes the passageway to and from the adjoining slips or docks to which the boats are made fast.

At the time of the commencement of this action, by virtue of certain permits issued to it for that purpose by the Commissioner of the Department of Marine and Aviation of the City of New York, the plaintiff occupied three stands in the concourse of the ferry terminal building, for the sale of refreshments, fruit and flowers. The permits were issued as of August 1, 1944, and by their terms expired on August 1, 1945. The plaintiff asserts that a renewal or reissuance of the permits for a period beyond August 1, 1945, has been refused by the defendant commissioner, and that it was the purpose of the latter to evict the plaintiff from possession of these stands. In the complaint, as in the moving papers, the plaintiff contends that so long as it pays the rent which may be demanded pursuant to chapter 314 of the Laws of 1945, it is entitled to remain in possession of the stands despite the termination of the permits.

Chapter 314 of the Laws of 1945 relates to the regulation, control and stabilization of rents and rental agreements upon premises occupied as business space. It provides that, for the duration of the public emergency there declared, so long as the tenant shall pay the rent to which his landlord may be entitled as there prescribed, he may not, except in circumstances which are not here pertinent, be evicted or removed from the premises occupied by him.

" Business space " is defined in subdivision (a) of section 2 as follows: " All rental space in any city other than: (1) commercial space as defined in chapter three of the laws of nineteen hundred forty-five, or any act amendatory thereof; (2) dwelling space and meeting rooms in hotels, and dwelling space in rooming houses, apartment houses, dwelling and other housing accommodations; (3) *piers, docks and wharf properties;* and (4) places of public assembly ". (Italics supplied.)

The meaning and validity of the exclusion of piers, docks and wharf properties from the benefits of the statute, are separately raised by the two causes of action set forth in the complaint. In the first, it is alleged that the stands which the plaintiff occupies are not piers, docks and wharf properties and a declaration to that effect is demanded. In the second cause of action, an alternative concept is advanced. It is there contended that the exception in question is unconstitutional and void. In either case, the plaintiff asks for judgment declaring

that it is entitled to remain in posssession of the stands so long as it continues to pay to the defendants the maximum rent allowable under the statute.

There is little room for doubt that but for the character of the rental space excluded from the purview of the act, the plaintiff, although technically a permittee, would be entitled to its benefits as a tenant or licensee as defined by the statute. (L. 1945, ch. 314, § 2, subd. [e].)

The only question therefore is whether the stands occupied by the plaintiff are excepted from rent control and, if so, whether the exclusion constitutes an unconstitutional discrimination.

It is hardly open to challenge that the building in which the stands are housed is wharf property. It is a structure which serves as the place of the arrival and departure of passengers, as well as vessels, and its use is integrated with the operation of the ferry transportation facilities at that point. Its basic function and purpose are not altered by the circumstance that it contains the appointments traditionally and customarily maintained for the comfort and convenience of passengers at all modern stations, terminals or depots.

Webster's New International Dictionary of the English Language (2d ed., 1935) defines a " wharf " as " A structure of timber, masonry, cement, earth, or other material, built on the shore of a harbor, river, canal, or the like, esp. one extending parallel to the shore line, so that vessels may lie close alongside to receive and discharge cargo, passengers etc." The Court of Appeals has spoken in like language. In *Langdon* v. *Mayor, etc., of City of N. Y.* (93 N. Y. 129, 151) it defined a wharf as " a structure, on the margin of navigable waters, alongside of which vessels can be brought for the sake of being conveniently loaded or unloaded  *  *  *." It is evident, therefore, that a wharf need not be outside the shore line and that it may be located on the shore. So long, therefore, as the ferry terminal is located on the margin of navigable water, as it is, and so long as vessels are brought alongside of it and discharge and receive passengers, as actually happens, the terminal building must be classed as a wharf.

The plaintiff urges, however, that the legislative language by which the exceptions to the statute are stated, is not sufficiently comprehensive to include so much of the area, which is not used for wharf purposes. It asserts that the stands, at any rate, are shops or stores in which goods are sold and that these are unrelated to the business of wharfage or ferry transportation.

In determining the meaning of the exception, it is clear that the decisive consideration must be the basic character and use of the property on which the space is occupied. That is, if space otherwise classifiable as business space is rented on what is clearly a pier, dock or wharf, then the advantages of the statute are not available to the tenant of such space. Otherwise, for example, a lessee of a dock who sublets business space on it to another, would be in the anomolous position of being prevented from ousting his subtenant so long as the permitted rent were paid, while he himself could lawfully be evicted by his own landlord. The exclusion in the statute is plainly addressed to the fundamental and dominant use of the space as a whole; it applies to all incidental uses and activities within it. Therefore, the arguments strenuously urged by the plaintiff, that the stands are themselves not piers, docks or wharf property, or that they are located on that part of the ferry house that is built on the mainland of Staten Island, are wholly irrelevant.

Accordingly, I am of the opinion that the plaintiff's occupancy of the stands in question is not subject to the protection prescribed by chapter 314 of the Laws of 1945.

The contention advanced in the second cause of action, that the statute is unconstitutional insofar as it is inapplicable to piers, docks and wharf properties, is similarly untenable. The constitutional guaranties of equal protection and due process are not violated by the impact of legislative power upon particular classes of persons or property. So long as the distinction is neither arbitrary nor fanciful, there is no infringement upon the constitutional restraints in the State Constitution (art. I, §§ 1, 6, 11; *Chamberlain, Inc.,* v. *Andrews,* 271 N. Y. 1) and in the Fourteenth Amendment of the Constitution of the United States (*St. John* v. *New York,* 201 U. S. 633; *Borden's Co.* v. *Ten Eyck,* 297 U. S. 251; *Radice* v. *New York,* 264 U. S. 292). In the exercise of its police power, it was for the Legislature to determine the extent and nature of the existing emergency and to prescribe the scope of legislation directed to its relief. The Legislature could reasonably have concluded that under the prevailing conditions there was no warrant for the regulation of rentals on piers, docks and wharf properties and that such property should therefore be excluded from the operation of the emergency rent control legislation.

Recently, in *Twentieth Century Associates* v. *Waldman* (294 N. Y. 571), the Court of Appeals rejected the challenge to the validity of chapter 3 of the Laws of 1945, a companion measure

of the statute here considered, affecting " commercial space " as distinguished from " business space " as defined in the respective enactments. Although the details are not discussed, enough is disclosed by the opinion to indicate that the contentions of due process and equal protections were raised in that case and held by the court to be without merit (*Marcus Brown Co.* v. *Feldman*, 256 U. S. 170).

Having concluded that the complaint fails to state a cause of action, the motion for a temporary injunction is denied and the defendants' motion to dismiss the complaint is granted. Settle order which shall provide for a stay of five days.