537 P.2d 934

**The CITY OF PHOENIX, a Municipal Corporation, Appellant,**

v.

**George W. OGLESBY and Yolanda Oglesby, husband and wife, Appellees.**

**No. 11995.**

Supreme Court of Arizona, En Banc.

July 16, 1975.

**65**

Joe R. Purcell, City Atty. by Robert A. Slonaker, Asst. City Atty., Phoenix, for appellant.

George W. Oglesby, Phoenix, for appellees.

HAYS, Justice.

George W. Oglesby and his wife, the appellees, applied to the Planning Commission of the City of Phoenix, the appellant, to change the zoning of land owned by the appellees from a single-family use classification (R1–6) to a commercial office classification (C–O). The Commission voted to deny the application. Subsequently, the city council heard and denied the application. Oglesby filed a complaint in Superior Court seeking an injunction to restrain the city from interfering with the use of the property as a commercial office. A permanent injunction was granted. The city now appeals. This court has jurisdiction of the case pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

Zoning laws serve the public welfare by providing for the orderly development of the community. Klensin v. City of Tucson, 10 Ariz.App. 399, 459 P.2d 316 (1969); Rubi v. 49'er Country Club Estates, Inc., 7 Ariz.App. 408, 440 P.2d 44 (1968). *See* 8 McQuillen, *The Law of Municipal Corporations,* § 25.17. The matter of zoning is appropriately one for the legislative branch of government. City of Phoenix v. Fehlner, 90 Ariz. 13, 363 P.2d 607 (1961). There is a presumption that zoning ordinances are valid. City of Phoenix v. Fehlner, *supra.* An ordinance will not be found unconstitutional unless it affirmatively appears that "the restriction is clearly arbitrary and unreasonable, and has not any substantial relation to the public health, safety, morals, or general welfare." City of Tucson v. Arizona Mortuary, 34 Ariz. 495, 507, 272 P. 923, 927 (1928); Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

A mere loss of value is not a sufficient basis upon which to invalidate a zoning ordinance. City of Phoenix v. Fehlner, *supra*. To establish that the statute is confiscatory in effect, it must be shown that the zoning restrictions prevent the use of the property for any purpose to which it reasonably might be adapted. City of Phoenix v. Fehlner, *supra*; Rubi v. 49'er Country Club Estates, Inc., *supra*.

If the record on appeal shows that the question is debatable, the conclusions of the trial court are not binding upon the appellate court. Rubi v. 49'er Country Club Estates, Inc., *supra*. "If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control. Radice v. New York, 264 U.S. 292, 294, 44 S.Ct. 325, 68 L.Ed. 690 [1924]." Village of Euclid, Ohio v. Ambler Realty Co., *supra*, 272 U.S. at 388, 47 S.Ct. at 118. A court is not the appropriate forum to decide zoning issues if the zoning meets constitutional standards. Not being the appropriate body to substitute its ideas for that of the legislature, this is an area in which the validity of the enactment will be presumed, City of Phoenix v. Fehlner, *supra*, and the test set forth in City of Phoenix v. Burke, 9 Ariz.App. 395, 452 P.2d 722 (1969), that the trial court will be upheld if there is evidence in support of the judgment, is not the applicable rule in zoning cases. City of Phoenix v. Beall, 22 Ariz.App. 141, 524 P.2d 1314 (1974).

The appellees have not met the burden of demonstrating that the refusal to change the zoning was arbitrary or unreasonable. The building at issue was a home and remains reasonably adapted for that use in accord with the R1–6 zoning of the area. The action of the city council will be upheld. The decision of the trial court is reversed with directions to enter judgment for the appellant.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.