618 P.2d 601

Charles WAIT, John G. Gliege, Roger Briggs, John Goehner, Gary Robinett, Barry Schweim, Robert Little and Gloria Little, Appellants,

v.

The CITY OF SCOTTSDALE, a Municipal Corporation, William C. Jenkins as Mayor and Herb R. Drinkwater, Heinz R. Hink, Richard Campana, Billie Gentry, and Charles R. Smith, the Councilmembers of the Defendant City of Scottsdale, Appellees.

No. 14686.

Supreme Court of Arizona, In Division.

Sept. 23, 1980.

Rehearing Denied Oct. 28, 1980.

John G. Gliege, Scottsdale, for appellants.

Richard Filler, Scottsdale City Atty. by Donald O. Loeb, Asst. City Atty., Scottsdale, for appellees.

HOLOHAN, Vice Chief Justice.

After a trial to the court, judgment was entered in favor of the defendants, the City of Scottsdale and others denying the relief sought by the plaintiffs to obtain a rezoning of their property. A timely appeal was filed. We took jurisdiction pursuant to Rule 19(e), Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

The essential facts are that Robert and Gloria Little entered into an agreement with Dr. Charles Wait and others to sell their five–acre parcel of land located adjacent to Scottsdale Road approximately one–half mile south of Shea Boulevard. The Littles and the buyers applied to the City of Scottsdale for a rezoning of the property from its present R1–43 zoning classification (single family residential, one house per acre) to an S–R zoning classification (service residential). The S–R zoning would allow the buyers to construct a professional office building on the property.

The City zoning staff recommended the denial of the rezoning application stating a number of reasons including the fact that the rezoning would be contrary to the City's General Land Use Plan. The City's Planning and Zoning Commission disagreed with the staff recommendation, and the Commission by a 4–3 vote sent the application to the City Council with the recommendation that the rezoning be granted. The City Council held a public hearing and thereafter unanimously voted to deny the application for rezoning. Applicants filed an appeal with the Superior Court which, as previously mentioned, denied relief.

In this appeal the appellants contend that judicial due process standards should have been applied to the hearing before the Scottsdale City Council on the application for an amendment to the zoning ordinance; that the zoning ordinance is unconstitutional as applied to the appellants' property; and that the trial court erred in admitting Exhibit 54 in evidence and in allowing appellees' expert witness to testify concerning the adaptability of the subject property for use as zoned.

It is well settled that the passage of an original zoning ordinance is the exercise of a legislative function. *City of Phoenix v. Oglesby*, 112 Ariz. 64, 537 P.2d 934 (1975); *City of Phoenix v. Fehlner*, 90 Ariz. 13, 363 P.2d 607 (1961). Appellants contend, however, that the act of rezoning is an administrative or quasi judicial function rather than a legislative function. In support of this position, appellants cite cases from five jurisdictions. The position of appellants is accepted by only a small minority of states. The greater weight of authority is contrary to their position. The majority view is that the act of rezoning is a legislative function. *Schauer v. City of Miami Beach*, 112 So.2d 838 (Fla.1959); *Ellick v. Board of Supervisors of Worcester Township*, 17 Pa.Cmwlth. 404, 333 A.2d 239 (Pa. 1975); *Forest City Enterprises, Inc. v. City of Eastlake*, 41 Ohio St.2d 187, 324 N.E.2d 740 (1975), *rev'd on other grounds*, 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976); 82 Am.Jur.2d, Zoning and Planning § 10. This majority view has been adopted by the Arizona Court of Appeals. *Sandblom v. Corbin*, 125 Ariz. 178, 608 P.2d 317 (App.1980); *Summit Properties, Inc. v. Wilson*, 26 Ariz. App. 550, 550 P.2d 104 (1976). The enactment of the original zoning ordinance is a legislative function, and we fail to see why the amendment of an ordinance should be of a different character. We accept the majority view that the enactment and amendment of zoning ordinances constitute legislative action. Since we hold that the decision to rezone is a legislative one, neither the motives of the councilmen in denying the application for rezoning nor the reasons that were spread before them to induce the denial of the rezoning request are proper subjects for judicial inquiry. *See Austin v. Campbell*, 91 Ariz. 195, 370 P.2d 769 (1962).

Appellants contend that the present R1–43 zoning classification as applied to their property is unconstitutional. We be-

gin with the presumption that the zoning ordinance is valid. *City of Phoenix v. Oglesby, supra. See also Radice v. New York*, 264 U.S. 292, 44 S.Ct. 325, 68 L.Ed. 690 (1924). Our court has determined that a zoning ordinance will not be found unconstitutional unless it affirmatively appears that "the restriction is clearly arbitrary and unreasonable, and has not any substantial relation to the public health, safety, morals or general welfare." *City of Phoenix v. Oglesby*, 112 Ariz. 64, 65, 537 P.2d 934, 935 (1975); *City of Tucson v. Arizona Mortuary*, 34 Ariz. 495, 507, 272 P. 923, 927 (1928).

Appellants believe that originally, the R1–43 zoning classification was constitutional as applied to their property. They contend, however, that circumstances have changed and that now the R1–43 classification is unconstitutional.

The appellants point out that the only development which has occurred in the vicinity of the property in the past five years is commercial development at the corner of Scottsdale Road and Shea Boulevard and a commercial plant nursery north of the intersection. No recent construction of homes has taken place in a R1–43 zoning classification along Scottsdale Road in the vicinity of the appellants' property.

Appellants argue that the diminution in value of their property outweighs the public need for the R1–43 zoning. They further argue that the property remains empty because there is no market for it as zoned. They also believe that the current trend in the area is away from the R1–43 zoning. Appellants cite authority to the effect that we should consider each of these factors in determining the constitutionality of the zoning classification. We agree that appellants' list of factors is important; however, the list is not complete.

Zoning is much more than mere classification of a particular piece of property as appellants would have us believe. Among other things it involves consideration of future growth and development, public streets, pedestrian walkways, drainage and sewage, increased traffic flow, surrounding property values and many other factors which are within the legislative competence. In consideration of all these factors, appellants have failed to meet the burden of demonstrating that the R1–43 zoning classification is arbitrary and unreasonable as applied to their property.

Appellants argue that the R1–43 zoning is confiscatory in nature, and therefore unconstitutional, in that they are precluded from using their property for any purpose to which it is reasonably adapted. *City of Phoenix v. Burke*, 9 Ariz.App. 395, 452 P.2d 722 (1969). They have failed, however, to demonstrate that the restrictions currently placed upon the property preclude its use for any purpose for which it reasonably might be adapted. *New Pueblo Constructors, Inc. v. Pima County*, 120 Ariz. 354, 586 P.2d 199 (App.1978). Clearly, this is not a case of freezing land into a state of unproductivity. The property remains adapted for uses attuned to the R1–43 zoning in the area. The proof is ample that the subject property has a market, both present and prospective.

A critical issue with which the trial court was required to deal was whether "the zoning restrictions [prevented] the use of the property for a purpose to which it reasonably might be adapted." *New Pueblo Constructors, Inc., supra*. At trial, appellees' expert witness, George Fretz, testified that the subject property could be divided into four single family residential lots which would meet all requirements under the city zoning ordinance. For illustrative purposes only, George Fretz drew a diagram (Exhibit 54) of this configuration. The trial judge admitted Exhibit 54 into evidence over the objection of appellants.

A trial judge has considerable discretion in determining the relevancy and admissibility of evidence. *Throop v. F. E. Young & Company*, 94 Ariz. 146, 382 P.2d 560 (1963); *Higgins v. Arizona Savings and Loan Association*, 90 Ariz. 55, 365 P.2d 476 (1961); *City of Phoenix v. Boggs*, 1 Ariz.App. 370, 403 P.2d 305 (1965). Admission or exclusion of an illustrative diagram is also a matter within the discretion of the trial court, and the ruling by the trial judge will not be

disturbed on appeal unless abuse of discretion is shown. See *Henderson v. Breesman*, 77 Ariz. 256, 269 P.2d 1059 (1954). We find no abuse.

Having fully considered the issues presented by appellants, we affirm the judgment of the Superior Court.

HAYS and GORDON, JJ., concur.