724 P.2d 1239

Margaret D. BURROUGHS, as Personal Representative of the Estate of Helen Clarke Donahoe, deceased, Plaintiff/Appellant,

v.

The TOWN OF PARADISE VALLEY, a municipal corporation, and Town of Paradise Valley Board of Adjustment, Defendants/Appellees.

No. 2 CA–CIV 5661.

Court of Appeals of Arizona, Division 2, Department A.

March 20, 1986.

Reconsideration Denied April 29, 1986.

Review Denied September 9, 1986.

Leonard M. Bell, P.C. by Leonard M. Bell, Scottsdale, for plaintiff/appellant.

Charles G. Ollinger, Town Atty., Paradise Valley, for defendants/appellees.

## OPINION

FERNANDEZ, Judge.

Appellant seeks reversal of the summary judgment entered on count five of her complaint and of the judgment entered after a court trial on count two, contending that she has a vested right to build a Frank Lloyd Wright-designed house on her property, that the Paradise Valley Board of Adjustment acted arbitrarily and capriciously in denying her a variance and that the trial court erred in two of its rulings. We affirm.

Appellant's decedent purchased a 20–acre parcel of property on the east side of Mummy Mountain in Paradise Valley in the late 1940's or early 1950's. In the early 1940's, a prior owner had leveled the top of one of the peaks and created two dirt pads for a home site. Sometime after the Donahoes (appellant's decedent) purchased the property, they had water and electrical utilities installed at the pads at a cost in excess of $1,000. No construction has ever been undertaken on the property.

In 1958 Frank Lloyd Wright was commissioned to design a house for the site. Ap-

proximately a week before his death in 1959, Wright presented preliminary plans to the Donahoes for which the Donahoes later paid the Frank Lloyd Wright Foundation $18,000. At the time the drawings were presented, the property was located in the unincorporated areas of Maricopa County. Mrs. Donahoe first submitted an application for approval to build the Triptych (the name Wright had given the design) to the Paradise Valley Town Council in 1971. The town had annexed the property in 1961. On December 16, 1971, the Town Council approved the plans, provided that the Planning and Zoning Commission and the Board of Adjustment also approved them. On January 5, 1972 the Board of Adjustment voted that the proposed residence be considered to be in excess of 30 feet in height and to constitute three separate buildings (both zoning violations). The board also concluded that the plans were in violation of the zoning ordinance. Mrs. Donahoe was informed she would have to obtain a variance in order to build. No further action was taken by the Donahoes at that time.

Paradise Valley enacted mountain building regulations in 1973. In March 1981 appellant requested Paradise Valley to affirm that she and her siblings (Mr. and Mrs. Donahoe had since died) had a vested right to build on the property. The town manager responded that the town engineer would have to determine if the plans complied with the mountain building regulations. In October 1981 appellant was informed the plans violated the regulations. Appellant then applied for a variance from the Board of Adjustment, which was denied in January 1982.

Suit was filed in February 1982. The first count of the complaint contained only general allegations; count two alleged a vested right to build; counts three, four and six alleged problems with the mountain building regulations, and count five alleged that the board was arbitrary and capricious in denying the variance. Summary judgment was granted on count five in November 1984; counts three, four and six were dismissed during trial pursuant to stipula-

tion; and judgment for the town was entered on count two in February 1985.

## VESTED RIGHT TO BUILD

■ Appellant bases her claim to a vested right to build on the case of *Town of Paradise Valley v. Gulf Leisure Corp.*, 27 Ariz.App. 600, 557 P.2d 532 (1976). The court there stated the general rule as follows:

> "[W]here a special use or building permit has been legitimately issued and the permittee has substantially relied thereupon and incurred considerable expenses, the right to continue construction under such permit becomes a vested right which a municipality has no right to violate without good cause or in the absence of any public necessity." 27 Ariz.App. at 608, 557 P.2d at 540.

The court adopted the rule that rights may vest despite the fact that no actual physical construction has commenced if there have been "substantial monetary expenditures, the invocation of considerable contractual commitments, and extensive preparatory proceedings...." Id. Since those criteria were met in *Gulf Leisure*, a vested right to build was established.

This case, however, is clearly distinguishable from *Gulf Leisure*. Appellant has overlooked the crucial distinction between the cases: in this case no building permit was ever issued nor was any application ever filed. There can be no vested right in a permit that never existed, and it is clear that establishment of a vested right to build requires a prior issuance of a permit. *Verner v. Redman*, 77 Ariz. 310, 271 P.2d 468 (1954); *City of Tucson v. Arizona Mortuary*, 34 Ariz. 495, 272 P. 923 (1928); *Phoenix City Council v. Canyon Ford, Inc.*, 12 Ariz.App. 595, 473 P.2d 797 (1970). Even in the cases cited by appellant, a permit had either been issued or an application for one had been filed which had a probability of being issued. *O'Connell Home Builders, Inc. v. City of Chicago*, 99 Ill.App.3d 1054, 55 Ill.Dec. 166, 425 N.E.2d 1339 (1981); *American National Bank &*

*Trust Co. of Chicago v. City of Chicago,* 19 Ill.App.3d 30, 311 N.E.2d 325 (1974); *Deer Park Civic Association v. City of Chicago,* 347 Ill.App. 346, 106 N.E.2d 823 (1952).

Moreover, appellant has failed to show any substantial expenditures of money in reliance upon approval of her building plans. Any expenditure by the prior owner in leveling the top of the mountain is irrelevant to appellant's claim of a vested right, since that expenditure related only to his own plans to build. The Donahoes' expense in bringing utilities to the property is also irrelevant, since it was incurred long before the Wright plans were created and a very long time before any effort was made to actually build. Appellant has shown that $18,000 was paid for the plans, but that expense was not incurred in reliance on a building permit either issued or applied for. There is no vested right to build on the property.

### REJECTION OF EVIDENCE

■ Appellant asserts that the trial court erred in refusing to permit her to introduce evidence as to the present cost of leveling the mountain and creating the two pads. The evidence was refused on the ground it was irrelevant. We agree. As discussed above, any expenditure by the prior owner in the 1940's was with regard to any construction he planned to undertake. It has no relevance whatsoever to plans created by Frank Lloyd Wright in 1959. The evidence was properly excluded.

### LACHES

■ Appellant also complains about the trial court's conclusion of law that any rights appellant or her predecessor in interest "may have acquired to claim a right to exception from valid regulation by the Town of Paradise Valley abated through nonuse." She argues that Paradise Valley failed to raise the defense in its answer and also failed to prove it. The record shows that Paradise Valley did raise the defense in its answer and thus complied with Rule 8(d), Rules of Civil Procedure, 16 A.R.S.

Appellant contends Paradise Valley failed to show any prejudice in her delay in acting in this case. *Mobile Discount Corp. v. Schumacher,* 139 Ariz. 15, 676 P.2d 649 (App.1983). She did not raise the issue at trial, however, and therefore cannot raise it now. *Seven G Ranching Co. v. Stewart Title & Trust of Tucson,* 128 Ariz. 590, 627 P.2d 1088 (App.1981).

### ARBITRARY AND CAPRICIOUS ACTION OF BOARD OF ADJUSTMENT

■ Appellant's final assignment of error is that the board's refusal to grant a variance was arbitrary and capricious because it failed to follow criteria established by state law. She contends that Paradise Valley's code is a significant change in state law. A.R.S. § 9–462.06(G) provides as follows:

"A board of adjustment shall:

\*   \*   \*   \*   \*   \*

"2. Hear and decide appeals for variances from the terms of the zoning ordinance only if, because of special circumstances applicable to the property, including its size, shape, topography, location, or surroundings, the strict application of the zoning ordinance will deprive such property of privileges enjoyed by other property of the same classification in the same zoning district."

Section 2–5–3 of the code of Paradise Valley states:

"The Board may authorize such variances from and exceptions to the strict application of the terms of this section as are in harmony with its general purposes and intents, if it shall find that the granting of such variances and exceptions will serve not merely as a convenience to the applicant but are necessary to alleviate some demonstrable hardship or difficulty so great as to warrant a variance or exception under the circumstances."

Appellant contends that the code provisions narrow the scope of authority the board has under state law. We need not decide that issue since we conclude that the denial

of the variance was proper under the state statute.

When we review the action of a board of adjustment on appeal, we determine only if there is some credible evidence to support the board's ruling. *Ivancovich v. City of Tucson Board of Adjustment,* 22 Ariz. App. 530, 529 P.2d 242 (1974). The record shows ample evidence to support the board's denial of appellant's application for a variance which was based on violations of seven different provisions of the zoning ordinance.

Affirmed.

HATHAWAY, C.J., and HOWARD, P.J., concur.