831 P.2d 426

**FIDELITY NATIONAL TITLE INSURANCE COMPANY, an Arizona corporation, solely in its capacity as Trustee under Trust No. 10289, Plaintiff/Appellee,**

v.

**PIMA COUNTY, a political subdivision of the State of Arizona; Iris Dewhurst, Sam Lena, Reg Morrison, and David Yetman, members of the Board of Supervisors of Pima County, Defendants/Appellants.**

No. 2 CA–CV 88–0366.

Court of Appeals of Arizona, Division 2, Department A.

April 28, 1992.

Law Offices of Donald E. Gabriel by Donald E. Gabriel, Tucson, for plaintiff, appellee.

Stephen D. Neely, Pima County Atty. by Martin Willett and Christopher L. Straub, Tucson, for defendants, appellants.

## OPINION

LACAGNINA, Presiding Judge.

Pima County appeals from a declaratory judgment in a conditional rezoning case which gives the property owner the right to comply with the conditions without any time limitations and free from any additional, supplemental or subsequent conditions required by general land use ordinances enacted after approval of the conditional rezoning in 1972. The trial court found that the property owner had taken substantial action in reliance on the conditional rezoning and had a vested right to develop and use its property through a final ordinance confirming the conditional rezoning upon completing the original rezoning conditions without any time restrictions. We reverse because the action of the Pima County Board of Supervisors (the Board), placing a two-year time limit for completion of conditions previously imposed on conditionally approved rezoning, and applying general county land use ordinances enacted after approval of conditional rezoning to the conditions, was within its police power and was neither arbitrary nor capricious.

## FACTS

On January 17, 1972, the Board granted the predecessor in interest to Fidelity National Title Insurance Company (Fidelity) conditional rezoning of approximately 480 acres in Pima County without any time limits for performance of the conditions. The conditions, which had to be completed before enactment of a final rezoning ordinance, were as follows:

1. A building setback of 200 feet from the centerline of Old Spanish Trail;

2. Leaving the drainageways in their natural state;

3. Recording an acceptable plat that would provide necessary rights-of-way for roads and drainage;

4. A suitable arrangement with Pima County Department of Sanitation regarding sanitary facilities; and

5. Recording a covenant holding Pima County harmless in the event of flooding.

Prior to 1975, not all conditionally approved rezonings contained time limits for completion of the conditions. In 1987, Pima County reviewed conditional rezonings that did not have time limits and after review and public hearing on November 17, 1987, the Board imposed a one-year time limit on Fidelity for completion of the conditions. On April 5, after Fidelity brought this action for declaratory judgment and after a public hearing, the Board extended the time limit to two years.

Between December 1986 and May 1988, Fidelity incurred approximately $100,000 in expenses for the preparation and processing of plans related to the development of the property and engaged in preliminary negotiations with a water company to secure an assured water supply for the property. The record contains estimates that completion of the conditions within the two-year time limit would increase the cost of plans by approximately 40% and that the average time for development of plans for the size of the owner's project was three years.

### NO VESTED RIGHT

■ Fidelity asserted, and the trial court agreed, that it had acquired a vested right to the 1972 conditional rezoning by its $100,000 expenditure between 1986 and 1988 for preparation and processing of plans for development of the property. It is undisputed that nothing has been done pursuant to an issued permit for use or construction of any improvements on the undeveloped property and that none of the conditions of the 1972 rezoning have been completed. The law in Arizona clearly states that a property owner must physically construct improvements permitted by the use or incur substantial expenditures toward construction or establishment of the use. The physical construction of improvements or the expenditure of substantial sums toward the actual construction or establishment of the use must be accomplished in reliance on or in conformance with a previously issued permit authorizing the commencement of the use or construction. *Verner v. Redman,* 77 Ariz. 310, 271 P.2d 468 (1954); *City of Tucson v. Arizona Mortuary,* 34 Ariz. 495, 272 P. 923 (1928); *Burroughs v. Town of Paradise Valley,* 150 Ariz. 570, 724 P.2d 1239 (App.1986); *Town of Paradise Valley v. Gulf Leisure Corp.,* 27 Ariz.App. 600, 557 P.2d 532 (1976); *Phoenix City Council v. Canyon Ford, Inc.,* 12 Ariz.App. 595, 473 P.2d 797 (1970).

In *Town of Paradise Valley v. Gulf Leisure Corp., supra,* where the property owner had both use and building permits, Division One of this court summarized the reasons for the rule as follows:

The position of these courts is succinctly summarized in *Deer Park Civil [Civic] Ass'n v. City of Chicago,* 347 Ill.App. 346, 106 N.E.2d 823 (1952), wherein it was stated:

"The general rule is that any substantial change of position, expenditures, or incurrence of obligations under a building permit entitles the permittee to complete the construction and use the premises for the purpose authorized irrespective of subsequent zoning or changes in zoning. 8 McQuillin Municipal Corporations, 272 (3rd ed.)."

347 Ill.App. at 351, 106 N.E.2d at 825.

*Id.* 27 Ariz.App. at 608, 557 P.2d at 540. Under the facts of this case, the owner has a long way to go before Pima County can even consider whether the conditions of the rezoning have been complied with in order to enact a final ordinance and issue any use or building permits.

■ In June 1987, Fidelity received approval for a cluster development. This is the only plan approval applied for and received since the 1972 adoption of conditional rezoning. Fidelity must still prepare plans for and obtain all of the approvals and permits required by state statutes and Pima County zoning codes governing subdivisions, including plans for streets, alleys, easements, utilities, grading, drainage, landscape and parking. In addition, it must complete the original rezoning conditions relating to sanitary facilities, flooding, washes and setbacks before a zoning

ordinance can be adopted and permits issued for construction. The expenditure incurred by the owner for development plans furthers the rezoning application but is insufficient to establish uses on the property because such uses have not yet been authorized by ordinance or permit. The owner has not established a vested right in the conditional rezoning which entitled it to develop the land free from the requirements of state statutes and county ordinances relating to zoning and subdivisions enacted since 1972. The changing needs of the public are reflected in the laws enacted since 1972. The exercise of the police power by the state and the county cannot be frozen in time to 1972 as the trial court erroneously concluded. Any further development of the land in this case prior to enactment of a final ordinance must be in conformity with the original conditions for rezoning and all subsequent changes in the law affecting the property. A property owner has no right to either the continuing existence of zoning or to a future change in zoning. *City of Tempe v. Rasor*, 24 Ariz. App. 118, 536 P.2d 239 (1975); *City of Phoenix v. Beall*, 22 Ariz.App. 141, 524 P.2d 1314 (1974).

## TIME LIMITATION FOR COMPLIANCE

■ Because we hold the owner did not have a vested right in the conditional rezoning, it follows that the absence of a time limit to accomplish the conditions imposed by the rezoning is not an absolute vested right free from changes by Pima County in the exercise of its police power. The court should not substitute its judgment for that of the legislative authority, and we are not equipped to act as a super zoning commission nor is it our function to rezone property. *Ranch 57 v. City of Yuma*, 152 Ariz. 218, 731 P.2d 113 (App. 1986); *Klensin v. City of Tucson*, 10 Ariz. App. 399, 459 P.2d 316 (1969).

■ Section 11–832, A.R.S., specifically gives the Board the authority to impose a schedule for development of conditionally approved rezonings.

The board may approve a change of zone conditioned on a schedule for development of the specific use or uses for which rezoning is requested. If at the expiration of this period the property has not been improved for the use for which it was conditionally approved, the board after notification by registered mail to the owner and applicant who requested the rezoning shall schedule a public hearing to grant an extension, determine compliance with the schedule for development or cause the property to revert to its former zoning classification.

Conditionally approved rezoning requests prior to 1985 that have no time limit are now governed by Pima County Zoning Code § 18.91.100(D), which provides as follows:

D. Conditional Rezoning Approvals Without Time Limits.

1. Rezoning requests which have conditional approval and no time limit may be closed or receive time limits, after decision by the board of supervisors;

2. Public hearings and notice shall be provided in accordance with this chapter.

The Board has a statutory duty to exercise its police power for planning and zoning in order to promote the general welfare of the public by providing for orderly development of the community. *Rubi v. 49'er Country Club Estates, Inc.*, 7 Ariz.App. 408, 440 P.2d 44 (1968). Pima County's imposition of time limits upon the conditional rezoning is presumed valid, and the owner has the burden of presenting evidence to overcome the presumption. *Wait v. City of Scottsdale*, 127 Ariz. 107, 618 P.2d 601 (1980).

After a duly noticed hearing in 1988, the Board had before it evidence of a 1972 conditional rezoning with five conditions, none of which were completed and only one of which had arguably been started, together with evidence that at least two or three years would be necessary to comply with the existing requirements. The issue of how much time to allow was fairly debatable; therefore, we must permit the legislative judgment to stand. *Wait v. City of Scottsdale, supra.* The trial court erroneously concluded that the Board's action was arbitrary and capricious. In the event

the owner in good faith attempts to comply within the time limit, but is unable to do so for reasons which hereinafter appear, Pima County Zoning Code § 18.91.100(C) provides that the owner may request an extension of the time for conditional rezoning approval and the Board's denial of such a request is subject to judicial review.

## CONCLUSION

The Board is authorized to establish time limits for the completion of zoning conditions, and conditional zoning requests that have not been completed cannot run in perpetuity. The owner failed to establish a vested right in the conditional zoning granted in 1972, and although the Board could have terminated the 1972 conditional zoning, it gave the owner two years to complete the conditions and comply with statutes and code requirements enacted after 1972. In doing so, the Board did not act arbitrarily or capriciously.

The judgment of the trial court is reversed.

LIVERMORE, C.J., and HOWARD, J., concur.