978 P.2d 117

Norman **MEHLHORN** and Petra Mehlhorn, husband and wife; Wayne Mehlhorn and Adlana Mehlhorn, husband and wife; William Melhorn and Deanna Mehlhorn, husband and wife; David Christopherson and Marcia Christopherson, husband and wife; James Witt and Patrice Witt, husband and wife, Plaintiffs/Appellees,

v.

**PIMA COUNTY,** a political subdivision of the State of Arizona; The Pima County Board of Supervisors, Defendants/Appellants.

No. 2 CA–CV 97–0229.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 15, 1998.

Review Denied May 25, 1999.

S. Leonard Scheff, Tucson, Attorney for Plaintiffs/Appellees.

Barbara LaWall, Pima County Attorney by Peter E. Pearman, Tucson, Attorneys for Defendants/Appellants.

## OPINION

ESPINOSA, Judge.

¶ 1 Appellants Pima County and the Pima County Board of Supervisors appeal from the trial court's judgment granting special action relief to appellees Norman and Petra Mehlhorn, Wayne and Adlana Mehlhorn, William and Deanna Mehlhorn, David and Marcia Christopherson, and James and Patrice Witt by ordering the Board of Supervisors to pass an ordinance changing the zoning of appellees' real property. The County argues the trial court made erroneous factual findings, lacked jurisdiction to order a rezoning, and misapplied the rational basis test. We agree the trial court was without authority to compel legislative action by the Board and therefore vacate the judgment.

### Factual and Procedural Background

¶ 2 Appellees own 4.34 acres of real property zoned CI–1(AE) Light Industrial. To fulfill a prospective buyer's condition of sale, appellees applied to rezone the property CI–2(AE) General Industrial so the buyer could use the property for automobile wrecking and salvage. Under the Pima County Comprehensive Plan, appellees' property is suitable for either CI–1 or CI–2 zoning. The property is bordered by developed and undeveloped CI–1 property to the south and east and by developed and undeveloped CI–2

property to the west and north. None of the neighboring property owners objected to the proposed rezoning. In a staff report, the Planning Division of the County Development Services Department recommended the rezoning to the Planning and Zoning Commission, which unanimously recommended approval to the Board of Supervisors. When the matter came before the Board pursuant to A.R.S. § 11–829, one of the supervisors voiced concerns that other auto salvage facilities in the area had expanded their operations beyond the two-acre maximum permitted under the zoning code. Ultimately, the Board voted 3–2 against the proposed rezoning.

¶ 3 Appellees thereafter filed a petition for special action, challenging the Board's decision to deny the rezoning and requesting the trial court to order the Board to approve it. The County moved for summary judgment, arguing that the court was without jurisdiction to order a rezoning under the separation of powers provision of the Arizona Constitution and, alternatively, that application of the rational basis test set out in *Haines v. City of Phoenix*, 151 Ariz. 286, 727 P.2d 339 (App.1986), warranted upholding the Board's decision. Appellees opposed the motion and filed a cross-motion for summary judgment, contending that the Board's denial was arbitrary and not "fairly debatable," and the court therefore "has the power to override [the Board's] judgment." After a hearing, the trial court agreed with appellees and ordered the Board to pass an ordinance allowing the rezoning. This appeal followed.

### Discussion

¶ 4 The County argues that the courts are without jurisdiction to affirmatively grant a rezoning because such action would constitute "a legislative function in violation of Article III of the Arizona Constitution," the separation of powers provision.[1] Our review of applicable precedent leads us to agree. It is well-settled that the enactment of zoning ordinances is a matter reserved to the legislative branch of govern-

ment. *City of Phoenix v. Oglesby*, 112 Ariz. 64, 537 P.2d 934 (1975); *New Pueblo Const., Inc. v. Pima County*, 120 Ariz. 354, 586 P.2d 199 (App.1978). Similarly, contrary to appellees' contention at oral argument, the amendment of zoning ordinances is an exclusively legislative function. *Wait v. City of Scottsdale*, 127 Ariz. 107, 618 P.2d 601 (1980); *see Fritz v. City of Kingman*, 191 Ariz. 432, 957 P.2d 337 (1998). The judiciary should not substitute its judgment for that of legislative authorities; we are not equipped to act as a super zoning commission, nor is it our function to rezone property. *Fidelity Nat'l Title Ins. Co. v. Pima County*, 171 Ariz. 427, 831 P.2d 426 (App.1992); *Rubi v. 49'er Country Club Estates, Inc.*, 7 Ariz.App. 408, 440 P.2d 44 (1968). Consequently, the legislative decision whether to adopt new zoning and legislators' underlying reasons therefor are generally not proper subjects for judicial inquiry. *Wait; see also Bartolomeo v. Town of Paradise Valley*, 129 Ariz. 409, 631 P.2d 564 (App. 1981) (granting or refusal to grant rezoning by special use permit is legislative function subject to limited judicial review); 8A Eugene McQuillin, Municipal Corporations, § 25.278.10 (3d ed.1994) (courts will not inquire into reasons motivating a city council's zoning decisions). Indeed, "[m]ost courts regard [the] rejection [of proposed rezoning] as a legislative act and decline to review it on appeal." 4 Kenneth H. Young, Anderson's American Law of Zoning § 27.08 at 511 (4th ed.1996). As we stated in *Ripps v. City of Tucson*, 153 Ariz. 344, 345, 736 P.2d 827, 828 (App.1987), "[t]he establishment of the manner in which a zoning ordinance may validly be adopted is the exclusive function of the legislative branch of government, and to hold otherwise would do violence to the doctrine of separation of powers."

¶ 5 Appellees argue, however, that the Board's denial of rezoning was without any basis and therefore subject to the " 'fairly debatable' or 'arbitrary' standard" for overturning a zoning decision as enunciated in *City of Tucson v. Arizona Mortuary*, 34 Ariz. 495, 503, 272 P. 923, 926 (1928), and applied in New Pueblo Const., Rubi, and several other cases.

---

1. Article III of the Arizona Constitution states:
    The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive,

    and the Judicial; and ... such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.

[I]f the value of the property rights destroyed is so great, as compared with the benefit done, that it clearly appears the ordinance is arbitrary and unreasonable, the courts will interfere, but if there can be any reasonable argument on the question the legislative will must prevail.

*Arizona Mortuary,* 34 Ariz. at 512–13, 272 P. at 929. As the County points out, that test has been invoked when landowners seeking rezoning have challenged the existing zoning, as applied to their property, as unconstitutional or unreasonable because of confiscatory or economic effect. *See, e.g., Wait; Oglesby; New Pueblo Const.; City of Phoenix v. Collins,* 22 Ariz.App. 145, 524 P.2d 1318 (1974); *Rubi.* In marked contrast to those cases, appellees here did not challenge the property's current zoning nor did they allege any taking by the state or other deprivation; indeed, at oral argument appellees' counsel conceded that the existing zoning is not unreasonable and does not vitiate their economic interests. Under these circumstances, we do not believe the fairly debatable test applies.

¶ 6 In *Oglesby,* our supreme court stated that the government may not arbitrarily refuse a rezoning request, but the plaintiffs there contended the existing zoning was confiscatory. The court rejected that contention, finding "a mere loss of [property] value" an insufficient basis to invalidate a zoning ordinance. 112 Ariz. at 66, 537 P.2d at 936. Five years later, the court in *Wait* directly addressed the issue of judicial review of the denial of a rezoning request, without any reference to its economic impact or debatability:

> Since we hold that the decision to rezone is a legislative one, neither the motives of the [political entity] in denying the application for rezoning nor the reasons that were spread before them to induce the denial of the rezoning request are proper subjects for judicial inquiry.

127 Ariz. at 108, 618 P.2d at 602.[2] Decisions from other jurisdictions lend support. When both the current and the proposed zoning are appropriate for the property, "the legislative

body has the prerogative to choose the applicable classification, not the property owner or the courts." *City Council v. Wendy's of Western Virginia,* 252 Va. 12, 471 S.E.2d 469, 473 (Va.1996). "Judicial review in zoning cases is limited to consideration of the reasonableness of existing zoning; it does not permit usurpation of the legislative prerogative to enact zoning ordinances." *Renick v. City of Maryland Heights,* 767 S.W.2d 339, 342 (Mo.App.1989).

¶ 7 Accordingly, we conclude the trial court exceeded its authority in ordering the Board to enact an ordinance rezoning appellees' property. We therefore need not address the County's alternative argument that a rational basis exists for the Board's decision. The summary judgment in favor of appellees is vacated and the trial court is directed to enter summary judgment for the County.

CONCURRING: JOHN PELANDER, Presiding Judge, and JOSEPH W. HOWARD, Judge.

---

**2.** The *Wait* court then turned to the separate question of whether the existing zoning was con-

fiscatory in nature and concluded that the plaintiffs had failed to make the requisite showing.