537 P.2d 936

A. A. HYLAND and W. D. McTaggart, Secretary and President of the South Mesa Concerned Citizens Association, an unincorporated association, Appellants,

v.

The CITY OF MESA, a municipal corporation, and Tsutomu Ikeda and Jane Doe Ikeda, husband and wife, Appellees.

No. 11994.

Supreme Court of Arizona, En Banc.

July 15, 1975.

W. D. McTaggart, A. A. Hyland, in pro per.

J. LaMar Shelley, Mesa, for appellee City of Mesa.

Kushe, Petrie & Reynolds, P. C. by Robert A. Petrie, Mesa, for appellees Ikeda.

HAYS, Justice.

The appellee, Tsutomu Ikeda, requested a change in zoning classification for property of his in Mesa. The city's planning and zoning board made the recommendation and a hearing was held by the city council. A written protest signed by more than 20% of the owners of adjacent property was filed.

At its meeting, the city council passed a motion to adopt the recommendation of the planning and zoning board by a vote of five-to-one, one councilman being absent. Seven other zoning matters were considered at the same time and similar motions made and voted upon. After the consideration of the eight zoning cases, an ordinance incorporating all of them was adopted by a unanimous vote of the members present.

The appellants filed a complaint for a declaratory judgment contending that the ordinance was passed in violation of A.R. S. § 9–462. The statute requires that if the owners of 20% or more of the adjacent property file a written protest, the ordinance must be approved by three-fourths of all of the members of the municipality's governing body. A.R.S. § 9–462(D).* This would mean that the approval of six of the seven council members would be necessary in this case. The initial vote clearly did not meet this requirement of six votes in favor of the proposal. The appellants have said that the first vote was determinative. The appellees have contended that it was the second vote that was binding. The trial court granted summary judgment for the appellees. This court has jurisdiction of the appeal from that judgment pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

Statutes will be interpreted in light of their purpose in being enacted. City of Tucson v. Tucson Sunshine Climate Club, 64 Ariz. 1, 164 P.2d 598 (1945). The statute at issue protects the concerned owners of land adjacent to that which is being considered for a change in zoning by demanding that for a change to be effected, three-fourths of the members of the governing body of the municipality approve the amendment. Ordinances which are passed without substantial compliance with the statute are void. Manning v. Reilly, 2 Ariz.App. 310, 408 P.2d 414 (1965).

After a hearing on the proposed change in zoning sought by Ikeda and recommended by the Mesa Planning and Zoning Board, the motion to adopt the change was approved by only five council members. At that point, it failed to meet the statutory requirements and could not be resuscitated by incorporating that provision as one of eight passed in an all-inclusive ordinance later in that same meeting. Each provision regarding a separate and distinct change in zoning must comply with the statute or the purpose of the statute would be defeated. If it were otherwise, a member of the city council would be forced

---

* This provision remained in the statute when recently amended. A.R.S. § 9–462.04(G).

**68**

to make an election between an aye- or a nay-vote depending upon whether or not he approved a majority of the provisions of a proposal. This circumvention defeats the protection given to the owners of property near the land questioned by one proposed change in zoning.

The judgment of the trial court is reversed with directions that summary judgment be entered for the appellants.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.

Note: Justice LORNA E. LOCKWOOD did not participate in the determination of this matter.